8603

#### McNAIR v. JOHNSON.

DEEDS—DESCRIPTION—FORECLOSURE.—Where in a foreclosure complaint the land mortgaged is described as it is in the mortgage and the decree adjudges that the mortgaged premises described in the complaint be sold, but the description given at the foot of the decree as of the premises mortgaged is of a different tract of land, but the sheriff advertised the land as described in the mortgage and so described it in his deed, his deed conveys to the purchaser the land described in the mortgage.

Before HALCOTT P. GREEN, Special J., Chesterfield, November term, 1912.    Reversed.

Action by B. E. and Albany McNair against Fanny and Charles Johnson.    Plaintiffs appeal.

*Messrs. Stevenson & Prince,* for appellants, cite: *Upholding judicial sales:* 21 S. C. 75; 83 S. C. 165; 40 S. C. 78; 23

S. C. 516. *Presumption from lapse of twenty years:* 1 Hill Ch. 378; 79 S. C. 302. *Court at chambers could correct clerical error in record:* Freeman on Judg. 623; Code Proc. 402; 21 S. C. 11; 14 Rich. 64; 1 Hill 239, 167; 2 Hill 475, 447; 3 McC. 142; 2 McC. 48, 249; 1 McC. 323; 71 S. C. 250; 73 S. C. 582; 69 S. C. 570.

*Mr. W. P. Pollock,* contra.

July 9, 1913.   The opinion of the Court was delivered by

Mr. Chief Justice Gary.   This is an action to recover possession of the tract of land described in the complaint, and the appeal is from an order of nonsuit.

Andrew Johnson, the defendant's ancestor, executed a mortgage in favor of Calvin B. McNair and plaintiffs' ancestor, on "all that piece, parcel or tract of land, situate, lying and being in the county and State aforesaid, and bounded by lands of J. J. Burch and D. T. Redfearn, containing three hundred and five acres.   Reference to a deed from Joseph S. Burch to J. J. Johnson will more fully appear."

The mortgage was foreclosed and in the judgment of foreclosure, it was "adjudged that the mortgaged premises described in the complaint in this action, * * * be sold at public auction, in the county of Chesterfield, by the sheriff of said county." * * *

At the conclusion of the judgment of foreclosure, the property ordered to be sold is thus described: "All that certain piece, parcel or tract of land, situate, lying and being, in the county and State aforesaid, on the waters of Indian Creek, containing three hundred acres, more or less, and is bounded as follows: On the north side by lands of J. F. Meyers, Jno. D. Barber and Lou W. White, and Indian Creek; on the east by lands belonging to the estate of Elizabeth White, deceased; on the south side by lands of Mary J. and Carolina R. Mulloy, and on the west side by lands

belonging to, or in the possession of, Dollie Pitts, and others,"—an entirely different tract from that described in the mortgage. The property described in the mortgage, was advertised and sold by the sheriff to Calvin B. McNair, who died intestate in 1905.

The description of the property in the deed of conveyance, executed by the sheriff to Calvin B. McNair, was the same as that mentioned in the mortgage; and the mortgaged property was properly described in the complaint for foreclosure.

His Honor, the presiding Judge, granted a nonsuit, on the ground that the wrongful description of the property in the judgment of foreclosure, rendered the sale of the property by the sheriff null and void; and the sole question properly before the Court for consideration, is, whether said ruling was erroneous.

One of the maxims recognized in Broom's Legal Maxims (star page 605) is: "Mere false description does not make an instrument inoperative" (*falsa demonstratio non nocet*). The author in commenting thereon uses this language: "*Falsa demonstratio* may be defined to be, an erroneous description of a person or thing, in a written instrument; and the above rule respecting it, may be thus stated and qualified as soon as there is an adequate and sufficient definition with convenient certainty of what is intended to pass, by the particular instrument, a subsequent erroneous addition, will not vitiate it." The judgment of foreclosure refers to "the *mortgaged* premises described in the complaint in this action," and was sufficient to put all parties (especially those who were parties to the action and their privies), upon inquiry, which, if pursued with due diligence, would have shown the true description, not only from the mortgage, but from the complaint, to which reference was made. Therefore, the description in the judgment of foreclosure was not rendered inoperative, by a subsequent erroneous addition.

Another maxim of the law applicable to this case is: "That is sufficiently certain which can be made certain."

In Devlin on Real Estate, vol. 2, section 1012, the author says: "A deed is not void for uncertainty, because there may be errors or an inconsistency, in some of the particulars. * * * Generally the rule may be stated to be, that the deed will be sustained, if it is possible from the whole description, to ascertain and identify the land intended to be conveyed." In a note to that section it is said: "As that is certain which can be made certain, the description, if it will enable a person of ordinary prudence acting in good faith and making inquiries, which the description would suggest to him to identify the land, is sufficient." He also says: "Where there are several calls in a deed, and with the exception of one, they may all be applied upon the face of the earth, constituting an intelligent and correct description of the lot, to which they refer, the one that does not apply, will be rejected as surplusage and the other will prevail * * * If the deed contains two descriptions, one correct and the other false in fact, the latter should be rejected as surplusage. Where one of two different descriptions applies to land, to which the grantor had title, and the other to land which he did not own, the former will be taken as the true description, and the latter will be rejected as false. If sufficient remains after rejecting a part of the description which is false, the deed will take effect" (section 1016).

These principles are applicable to this case, and show conclusively, that it was error to grant the nonsuit.

It is the judgment of this Court that the judgment of the Circuit Court be reversed and the case remanded for a new trial.

Mr. Justice Watts *disqualified.*