## No. 11,119.

### McCrimmon, et al. v. Raymond.

Decided March 2, 1925.  Rehearing denied April 6, 1925.

Action in forcible entry and detainer.  Judgment for plaintiff.

### Affirmed.

### On Application for Supersedeas.

1.  Evidence—*Offer of Proof.—Conclusions.*  Objections to offers of proof of mere conclusions, rather than facts, are properly sustained.

2.  Pleading—*Forcible Entry and Detainer—Equitable Defense.*  Equitable defenses may be interposed in actions of forcible entry and detainer.

3.  *Forcible Entry and Detainer—Answer.*  Answer in a forcible entry and detainer action held to state mere conclusions and insufficient under the Code.

4.    *Motions—Amendments.* Under the facts disclosed by the record, no duty rested upon plaintiff to move that the answer be made more definite and certain. The insufficiency being called to the attention of defendants, it was their duty to ask to amend, failing in which, they elected to stand on the pleading as filed.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. WILLIAM A. BRYANS, JR., Mr. CHARLES R. BOSWORTH, for plaintiffs in error.

Messrs. DOUD & WALKER, for defendant in error.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

THE defendant in error brought this suit against plaintiffs in error in the justice court under subdivision 6 of section 6369 of the Forcible Entry and Detainer Statute. The parties will be designated here as in the trial court. The defendants filed an answer in the justice court, and the case was certified by the justice to the district court. The trial court found for the plaintiff and rendered judgment in his favor for the recovery of possession of the property described in the complaint. The defendants bring the case here and apply for a supersedeas.

The record discloses that on October 2, 1923, the premises in question were sold by the public trustee to the Mortgage Guaranty Company, because of a default in payment of notes secured by trust deed executed by defendants on the property described in the complaint, and also for default in the payment of taxes and interest; that on August 5, 1924, the premises were conveyed by trustee's deed to the Mortgage Guaranty Company, which subsequently sold and conveyed the property to the plaintiff Raymond.

The court sustained objections to questions asked by defendants as to the property having been sold by the public trustee for an amount in excess of what was due on the notes for principal and interest and for taxes. Defendants then offered to prove by the plaintiff, among other things, that plaintiff was not the real party in interest; that he was acting in collusion with the Mortgage Guaranty Company; that the taxes alleged by plaintiff to have been paid by him was greater in amount than was lawfully assessed against the property, and that the amount of interest claimed by plaintiff was greater in amount than was due under the terms of the notes and trust deed. No offer of proof was made as to any specific amount or amounts of the excess claimed. The offer was of conclusions and not of facts. The court sustained the objection to the offer.

The principal errors assigned and argued are that the court erred in rejecting the testimony.

The defendants' argument, that the court erred in refusing to admit this evidence, is based upon the assumption that the answer contains matters, equitable in character, sufficient to show that they were entitled to retain possession, in that the property had not been duly sold under the power of sale contained in the trust deed, or the title under such sale duly perfected.

If their assumption is correct, their conclusion that the evidence offered in support of the answer should have been admitted, is right. We have held that equitable defenses may be interposed in actions of this character. *Hamill v. Bank,* 22 Colo. 384, 389, 45 Pac. 411.

But was the answer sufficient? The statute requires the defendant to set forth all the substantial facts upon which he relies which would entitle him to possession of the property. The averments of the answer, so far as they are material here, are in substance, that the plaintiff did not institute the present suit in good faith, but was acting in collusion with the Mortgage Guaranty Company and one Nelson, both of the parties theretofore claiming to have

some interest in the title to the property, and shown by the complaint to have transferred their interest to the plaintiff; and that the amount claimed by the alleged holder of the notes, to secure the payment of which the deed of trust was executed by defendants, and the amount for which the property was attempted to be sold by the public trustee, was greater than the amount due on the notes.

The plaintiff Raymond was not the holder of the notes, and in no way connected with the sale of the property under the trust deed. No fact is stated in the answer as to why the plaintiff was not acting in good faith in the institution of the suit, nor in what manner or for what purpose he was acting in collusion with the parties named. Nothing is stated in that regard except a mere conclusion. The same is true in respect to the allegation that the property was sold for an amount greater than was due on the notes executed by defendants. No issuable, or ultimate, facts are stated, and the mere reading of the averments is sufficient to show that the answer is wholly insufficient and does not meet the requirement of the statute that all substantial facts shall be stated.

In the Trustee's published notice of sale the amount of the principal is stated, also the amount of the interest unpaid and the amount of taxes unpaid. The defendants having notice of these amounts, there appears no reason why the answer should not have contained a specific statement of the amounts of excess claimed.

It is urged, however, that the plaintiff could have had the answer made definite and certain by motion. No such duty rested upon the plaintiff. When plaintiff made his objections to the introduction of testimony and the offer of proof by defendants, their attention was called to the insufficiency of the answer, and, if the pleading was amendable, it was the duty of defendants to ask for an amendment. Instead of doing so they elected to stand upon the answer as it was.

We think the court was right in rejecting the evidence offered. The other questions argued do not merit our consideration.

Finding no error in the record, the supersedeas is denied and the judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD, sitting for MR. JUSTICE CAMPBELL, concur.