[Civ. No. 6237. First Appellate District, Division One.—April 13, 1928.]

WALTER L. HOGAN et al., Appellants, v. WILLIAM A. HORSFALL et al., Respondents.

J. L. Smith and Herbert V. Keeling for Appellants.

Alan H. Critcher for Respondents.

TYLER, P. J.—Suit in equity to set aside a deficiency judgment obtained in an action for the foreclosure of a mortgage. The bill contains three counts. Under the first it is alleged, in substance, that the property sold by the commissioner was, by reason of an error in the description, not the property he was authorized to sell under the foreclosure decree, hence there could be no valid deficiency judgment. The second is the same as the first, with the exception of the statement that the error in the description was intentional and was therefore a fraud. In the third it was alleged that there was an agreement between the parties not to take a deficiency judgment and the taking of the same was, therefore, likewise a fraud on the plaintiffs. A demurrer to the complaint was sustained without leave to amend and judgment was entered thereon from which

judgment this appeal is taken. No application was made by plaintiffs to amend and the questions involved in the appeal are whether or not the trial court erred in sustaining the demurrer to the complaint and to each cause of action thereof, with or without leave to amend. In reciting the facts of their cause of action, plaintiffs have set forth that defendant Horsfall was the plaintiff in another certain action in the superior court for the county of Lake, wherein plaintiffs were defendants, which was an action for the foreclosure of a mortgage upon a certain piece of real property given to secure the payment of a promissory note for the sum of $2,000, signed by the plaintiffs herein. The mortgage given contained a recital that it was subject to a first encumbrance of $3,700 payable to one Frederica Meyerstein, which made the mortgage in question a second lien. On the fifth day of November, 1924, the court made a decree of foreclosure in the mortgage foreclosure action and defendant Crawford was appointed as commissioner to sell the real property described in the decree. Thereafter Crawford, as such commissioner, published a notice of sale and sold said real property to defendant Horsfall for the sum of $10 and thereupon issued a certificate of sale conveying the property to him. On the eighth day of January, 1925, there was entered in said action a deficiency judgment against plaintiffs herein for the sum of $3,287.16. It is then recited that the property sold was not the property Crawford was authorized to sell under the decree of foreclosure and hence no valid deficiency judgment could have been entered against the plaintiffs in that action. The correct description of the property involved is the southwest quarter and the southeast quarter of the northwest quarter of section 33 in township 12 north, range 6 east, Mount Diablo base and meridian; and lot number 3, the east half of the southwest quarter and the west half of the southeast quarter of section 4 in township 11 north, range 6 west, Mount Diablo base and meridian, containing in all 393 acres of land, more or less. The complaint shows that the property was correctly described in the mortgage, complaint, *lis pendens,* order of sale, notice, and return of sale, but was incorrectly described in the decree in this: that the word "southwest" was substituted for the word "southeast"

in the first line of the description. The decree also directed that the mortgaged premises as described in the complaint should be sold, following which is the specific description containing the typographical error complained of. It is appellants' main contention that by reason of the error contained in the decree with reference to the description of the property the southeast quarter of the northeast quarter of section 33, township 12, was never sold, for which reason the deficiency judgment entered after the sale was void, for without a sale of the entire property there could be no deficiency judgment. There is no question that all of the property was sold by the commissioner for the correct description of the property is contained in his notice of sale and also in his certificate as appears from the complaint herein. The question then really is not what he sold but what he had the authority to sell under the decree. We are of the opinion that the demurrer to the complaint was properly sustained.

At the outset it may be stated that appellants by failing to ask leave to amend waived any abuse of discretion on the part of the court in denying such leave. (*Buckley* v. *Howe,* 86 Cal. 596 [25 Pac. 132]; *Durrell* v. *Dooner,* 119 Cal. 411 [51 Pac. 628]; *Prince* v. *Lamb,* 128 Cal. 120 [60 Pac. 689]; *Williamson* v. *Joyce,* 140 Cal. 669 [74 Pac. 290].) We will therefore discuss the complaint as though it contained all matters which possibly could have been alleged by appellant. There is no allegation in the complaint as to the value of the mortgaged premises over and above the senior mortgage, the allegation being merely that the property was of sufficient value to have brought the amount of said mortgage, interest, and costs thereon, upon foreclosure, which is an allegation that the property was worth $3,297.16, the amount of the judgment, which is less than the Meyerstein encumbrance; nor is there any allegation of what became of such senior encumbrance, whether it was paid, foreclosed or is still subsisting, no reference whatsoever being made thereto. Then, again, there is nothing to show that in the event of the decree being set aside any different result would ensue. Equity will not do the vain thing of setting aside a judgment when the result would be the same. (*Painter* v. *Painter,* 133 Cal.

129 [65 Pac. 311]; *Hite* v. *Mercantile Trust Co.*, 156 Cal. 765 [106 Pac. 102].) ■ Nor has a court of equity, as such, any supervisory jurisdiction over other tribunals; neither does it possess power to sit in judgment on their acts to determine whether they have committed error either in law or fact, while exercising their authority. ■ A judgment rendered by a court in a cause in which it has jurisdiction of the subject matter and of the person, even though it contain error committed in the exercise of jurisdiction is not void but erroneous merely.

■ It is not the particular decision that makes up jurisdiction, but rather the authority to decide the question at all. (*Chase* v. *Christiansen*, 41 Cal. 253; *Gray* v. *Hall*, 203 Cal. 306 [265 Pac. 246].) The rule is fundamental everywhere prevailing that where a court has jurisdiction of the *res* and the parties, error committed in the exercise of jurisdiction renders the judgment erroneous merely and not void. ■ Conceding, therefore, that the court committed error in rendering the deficiency judgment by reason of the insufficient description in the decree, which would justify it being set aside under appropriate proceedings, such decree was not void, but voidable merely, and the law provided a speedy and adequate remedy for its correction. ■ Not only will the existence of an adequate legal remedy defeat a resort to equity, but so, also, will the loss of such a remedy through failure to take advantage of it when available. ■ This rule applies to all sorts of remedies, whether by motion, appeal or otherwise, and is in harmony with the general principle which denies relief to one who has been negligent. If this were not true there would be no end to litigation. ■ Intrinsic mistake, like intrinsic fraud, is not ground for equitable relief. Public policy and the interests of litigants alike require that there be an end to litigation, and the peace and order of society demand that litigants and busy courts be relieved from successive suits involving the same matter. It is the only manner in which certainty may be secured to individual rights and dignity and respect to judicial proceedings. ■ In actions to foreclose, clerical misprisions in the decree ,as to the description of the property may be corrected by the court on its own motion, with or without notice. (*Dickey* v. *Gibson*,

113 Cal. 26 [54 Am. St. Rep. 321, 45 Pac. 15]; *McKeever* v. *Superior Court,* 85 Cal. App. 381 [259 Pac. 373].) That which may be amended is not void. (*Newmark* v. *Chapman,* 53 Cal. 557.) Here there is an entire absence of allegation of any attempt whatsoever by appellants to obtain the relief they here seek, and likewise of any showing by proper recital that they could not have obtained relief in the action from the clerical misprision. Moreover, as above mentioned, the complaint shows that all of the property was sold as indicated by the notice of sale and the certificate of the commissioner. Under all these circumstances, we are of the opinion that the learned trial court properly sustained the demurrer to the complaint. What we have said applies with equal force to the third cause of action. The decree is made a part of the complaint and it is there recited that the case came on for trial upon the complaint and answer. Objection could have been made, if warranted, to the entry of the deficiency judgment as it was a matter involved in the foreclosure suit, and none having been made it was a question necessarily adjudicated by the decree of foreclosure, and the decree having become final it is *res judicata,* and appellants herein are conclusively bound by it. (*Hagar* v. *Astorg,* 145 Cal. 548 [104 Am. St. Rep. 68, 79 Pac. 68].) Moreover, defendants were entitled to a deficiency judgment in the absence of some showing to the contrary. The complaint contains no allegation when the promise not to take a deficiency judgment was made nor does it contain any allegation that there was a consideration for such promise. For all that appears the alleged agreement was a mere *nudum pactum.* (*Heim* v. *Butin,* 109 Cal. 500 [50 Am. St. Rep. 54, 42 Pac. 138].)

Respondents urge the additional argument in support of the judgment that the erroneous description contained in the decree may properly be disregarded as surplusage as reference is made therein to the proper description as recited in the complaint. We are cited to the case of *McNair* v. *Johnson,* 95 S. C. 176 [78 S. E. 892], as declaring this rule. The case supports respondents' contention and is on all-fours with the instant one. A discussion of this question, however, is unnecessary considering the conclusion we have reached that the complaint states no ground for the

equitable relief sought and the learned trial court rightfully so concluded.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.