[Civ. No. 8710. First Appellate District, Division One.—January 21, 1933.]

C. W. GERTRIDGE, Respondent, v. STATE CAPITAL CO. (a Corporation) et al., Appellants.

Ellis, Lyman & Steindorf, Richard M. Lyman, Jr., and Howard C. Ellis for Appellants.

Milton I. U'Ren for Respondent.

THE COURT.—Plaintiff, who was the owner of certain shares of the capital stock of State Capital Co., a corpora-

tion, filed a petition in the superior court for a writ of mandate, directing its officers to permit him to inspect certain of its books, namely, the share register, books of account and the minutes of the stockholders' and directors' meetings. He alleged that a demand in writing for such inspection had been made and refused; that his purpose was to enable him to ascertain the present value of his stock in order to determine whether to sell or to hold the same. The defendants filed an answer to the petition alleging that plaintiff's demand was made with intent to use the books mentioned "to the injury of such corporation upon receipt of the information sought to be acquired thereby"; and further, that the demand for inspection "was influenced by and made with bad motive and purpose". A demurrer to the answer was sustained without leave to amend, and the writ issued as prayed. Defendants have appealed from the judgment.

██ Section 355 of the Civil Code provides that the share register, books of account and minutes of the shareholders' and directors' meetings of "every" corporation shall be open to inspection upon the written demand of any member or shareholder or holder of a holding trust certificate at any reasonable time and for a purpose reasonably related to his interests as a shareholder.

Appellant corporation was organized under the laws of the state of Delaware and is doing business in California. Appellants claim that the company being a foreign corporation the above section has no application. In this connection they call attention to section 278 of the Civil Code, which defines certain terms used in title I of the code—which title contains the general provisions applicable to all corporations, and chapter XVI of which deals with foreign corporations. The section provides that "'corporation', unless otherwise expressly provided, refers only to a domestic corporation". As to this it will be seen that said section 355 does expressly provide otherwise, namely, that the books mentioned of "every" corporation shall be open to inspection at any reasonable time and for a purpose reasonably related to the stockholder's interest.

The words of a statute are to be interpreted according to their common acceptance (23 Cal. Jur., Statutes, sec. 124, p. 749; *Perrin* v. *Miller*, 35 Cal. App. 129 [169 Pac. 426]),

and it was plainly the intention to include all corporations doing business and whose books are within the state. Such a rule does not constitute an interference with the internal affairs of the corporation, and the right is well established (Ballantyne, Corporation Law and Procedure, sec. 294; Thompson on Corporations, 3d ed., sec. 6698; *Richardson* v. *Swift,* 7 Houst. (Del.) 137 [30 Atl. 781]).

The answer filed to the petition stated no facts showing that plaintiff was not acting in good faith or for any purpose other than that provided by the statute and alleged in his petition. The allegations of the answer were mere conclusions and justified the order sustaining the demurrer (1 Bancroft's Code Pleading, sec. 51, p. 115; *Lavelle* v. *Julesburg,* 49 Colo. 290 [112 Pac. 774]; *McCrimmon* v. *Raymond,* 77 Colo. 81 [234 Pac. 1058]).

Nor is there merit in appellants' contention that the court erred by sustaining the demurrer without leave to amend. So far as appears no request for permission to amend was made (*Hogan* v. *Horsfall,* 91 Cal. App. 37 [266 Pac. 1002]; *Mortensen* v. *Los Angeles Examiner,* 112 Cal. App. 194 [296 Pac. 927]).

The judgment is affirmed.