[Civ. No. 9896. Second Appellate District, Division Two.—April 25, 1935.]

RALPH E. CAPRON, Respondent, v. PACIFIC SOUTH-WEST DISCOUNT CORPORATION (a Corporation) et al., Appellants.

Elmer P. Bromley and H. E. Lindersmith for Appellants.

Kenyon F. Lee for Respondent.

FRICKE, J., *pro tem.*—Appeal from judgment granting a peremptory writ of mandate.

Respondent herein filed in the superior court a petition for writ of mandate to compel appellant corporation, in which he was a stockholder, to permit him to examine its corporate records. The petition, in addition to other and formal averments, alleged on information and belief that S. A. Scherer, the president of the corporation, had loaned to one Christie Bauer some $200,000 of the corporate funds for the purpose of purchasing all of the outstanding shares of the stock of the corporation, except the shares held by said Bauer and Scherer, for the personal use of said S. A.

Scherer; that corporate funds had been used and were being used for such purpose with the ultimate object of vesting in Scherer all of the shares of stock of the corporation; that as a result of this operation the value of respondent's shares of stock became depreciated, and that he desired to inspect said records to determine the present value of his shares to ascertain whether he should sell or hold the same. The answer admitted by failure to make denial the existence of the corporation, the shares of stock issued and outstanding and that respondent was a shareholder and had demanded the opportunity of inspecting the corporate records. It denied all other allegations contained in the petition and affirmatively pleaded that the board of directors had determined that it was to the best interests of the corporation to purchase certain of the outstanding shares of its capital stock and that appellants were advised and believed that the petitioner for the writ knew of said intention of said board; that it was petitioner's plan to procure options to purchase such shares of stock and to sell them to the corporation at a price in excess of that for which the corporation could purchase the same from the shareholders, and that the purpose of petitioner was not to secure an examination of the corporate records for a purpose reasonably related to his interests as a stockholder, but for the purpose of procuring the names of the shareholders and other information concerning the corporation to carry out his said plan, to the detriment of the corporation.

When the petition came on for hearing petitioner withdrew his demand for inspection of the share registers of the corporation, thereby limiting the subject of his demand to an inspection of the books of account and minutes of the proceedings of the shareholders and board of directors, and orally demurred to the answer on the ground that it did not state a defense. The appeal herein is from the judgment and order granting the writ of mandate following the sustaining of the demurrer.

The right of a shareholder in a corporation to inspect its records is codified and granted by section 355 of the Civil Code. This provision of law does not confer upon a shareholder the right to examine corporate records whenever he desires to do so, but limits this right to cases wherein

the examination is "for a purpose reasonably related to his interests as a shareholder". ▮ Respondent herein, as a necessary element to his cause of action, alleged in his petition in the superior court, in the language of the section, that he had such purpose, and made the further allegations as to the use of corporation funds by its president and the effect of such operations on the financial status of the corporation and the value of its shares as above mentioned. We believe that such allegations sufficiently set forth facts which if established would show that the inspection of records sought by respondent was "for a purpose reasonably related to his interests as a shareholder". These latter allegations as to the reason and purpose of the petitioner, as well as those relating to the conduct of the president of the corporation, are denied by the answer of all the respondents named in the petition. This raised an issue both as to the alleged and declared purpose of the inspection of the records in question and as to the specific allegations to the effect that the affairs of the corporation were being so conducted as to impair the value of its shares.

The case of *Gertridge* v. *State Capital Co.*, 129 Cal. App. 86 [18 Pac. (2d) 375], relied upon by respondent, is not in point. While in that case, as here, the petitioner sought an inspection of corporate records to determine the value of his stock and whether to sell or hold the same, the answer of the respondents in the case cited merely set up as a defense that the demand for inspection was made with intent to use the books "to the injury of such corporation upon receipt of the information sought to be acquired thereby" and "was influenced by and made with bad motive and purpose". These defensory allegations were properly held to be mere conclusions of law and justified the sustaining of the demurrer. Respondent here assumes that in the case cited respondents denied the allegations as to petitioner's purpose in demanding access to the corporate records. Such an assumption is wholly unwarranted. The opinion particularly mentions that the answer "stated no facts showing that the plaintiff was not acting in good faith or for any purpose other than that provided by the statute and alleged in his petition". This rather clearly indicates that the court was of the opinion that had such facts been stated the an-

swer would not have been vulnerable to demurrer. Here the basic allegations for the desired relief, the existence of the purpose for the inspection provided by the statute, is denied by the answer, and an improper purpose is affirmatively pleaded. We believe no authority is necessary for the proposition that the denial by answer of the existence of a necessary element to a plaintiff's cause of action raises an issue of fact.

Respondent also urges in support of the judgment granting the writ herein that affirmative allegations of the answer are merely conclusions. These allegations set forth the determination by the board of directors that it was in the best interests of the corporation to purchase in its behalf certain of its outstanding shares and of their intention to make such purchases; that appellants (respondents under the petition) were advised and believed that the petitioner knew of such plan and himself intended to procure options on outstanding shares with a view of reselling them to the corporation at an increased price; that petitioner's purpose in demanding an inspection of the records was not the purpose alleged but that of securing the names of other stockholders and other information so that he might secure options to purchase stock of such individuals and then offer to resell to the corporation at an advance in price, and that it was the purpose of petitioner to make a profit for himself, to the detriment of the corporation. Respondent's statement that the trial court held these allegations to state mere conclusions of law fails to find support in the record, which shows the sustaining of the demurrer but not the reasons for such ruling.

The allegations as to the determination of the board of directors while declaring their decision and conclusion was not the pleading of a conclusion of law but a statement of fact that such determination had been made and the intent and plan of purchasing outstanding shares which that board had decided upon. The further allegations to the effect that petitioner knew of this plan and intended through the examination of the records to secure options on outstanding shares, thus interfering with the plan of the board of directors, is not an allegation of a conclusion of law but a statement of the alleged intent and purpose of petitioner in seeking an examination of the records. Respondent urges

that the answer does not allege that the petitioner will in fact carry out his plan to secure options. Such an allegation is not necessary. The right of a shareholder under section 355 to examine corporate records depends not upon whether he will succeed in accomplishing the purpose for which he demands the right, but whether such right is "for a purpose reasonably related to his interests as a shareholder". The "purpose" referred to in the statute is the purpose existing in the mind of the shareholder at the time of inspection of the records.

The fact that the petitioner had, prior to the ruling on demurrer, withdrawn his demand to examine the share registers does not affect the question before us, as there still remained his demand to examine other records from which he could have secured the names of other shareholders and information which would have assisted him in carrying out a plan to secure options on outstanding shares of stock.

The answer raised the issue as to whether the actual purpose of the demanded inspection of records was such as to warrant a denial of that right by the corporation, and the demurrer to the answer should have been overruled.

The judgment is reversed and the cause remanded for further proceedings in accordance herewith.

Stephens, P. J., and Crail, J., concurred.