[Civ. No. 5528.  Third Appellate District.—August 22, 1936.]

O. A. GRAYBEAL CO. (a Corporation), Appellant, v. WM. M. COOK et al., Respondents.

232

Davis & Thorne, John A. Holland, W. A. Alderson and Leland S. Davis for Appellant.

Denio, Hart, Taubman & Simpson for Respondents.

THE COURT.—The plaintiff has appealed from a judgment of dismissal of the action which was rendered against it after general and special demurrers to the second amended complaint had been sustained without leave to amend. The complaint sought to set aside a final judgment in a previous suit (*Graybeal Co.* v. *Cook,* 111 Cal. App. 518 [295 Pac. 1088]) on the ground that it was procured by fraud and conspiracy and because of alleged disqualification of the trial judge.

The second amended complaint contains over fifty pages, including a detailed recitation of the facts and circumstances involved in the proceedings and trial of the original action leading to the rendering of judgment therein. To this complaint the defendants filed a general demurrer on the ground that it fails to state facts sufficient to constitute a cause of action. A special demurrer was also filed on the ground that the different causes of action which were attempted to be alleged therein were not separately stated. These demurrers were sustained without leave to amend. No application to amend the second complaint was made by the plaintiff. Judgment was subsequently rendered dismissing the action. From that judgment the plaintiff has appealed.

The appellant contends that the court abused its discretion in not permitting an amendment to be filed to the second complaint; that the complaint does sufficiently allege that the previous judgment is void for the reason that the trial judge was disqualified under the provisions of section 170 of the Code of Civil Procedure, and that the previous judgment was procured by the fraud and conspiracy of certain defendants.

It is the established rule of law in this jurisdiction that a plaintiff waives a charge of abuse of discretion on the part of a trial judge in sustaining a demurrer to a complaint without leave to amend the pleading, where he fails to ask leave to file such an amendment. (*Buckley* v. *Howe,* 86 Cal. 596, 605 [25 Pac. 132]; *Hogan* v. *Horsfall,* 91 Cal. App. 37 [266 Pac. 1002]; *Gertridge* v. *State Capital Co.,* 129 Cal. App. 86 [18 Pac. (2d) 375]; *Allen* v. *Stellar,* 106 Cal. App. 67, 73 [288 Pac. 855].) The plaintiff may, therefore, not complain of an alleged abuse of discretion on that account in the present action.

The amended complaint makes omnibus charges of irregularities on the part of various court officers which are founded primarily on the alleged disqualification of the Honorable Percy Hight, who tried the prior cause and rendered judgment therein.

The complaint fails to allege facts disqualifying the Honorable Percy Hight as trial judge in the previous suit. It merely alleges that he previously acted as attorney for the Marine Trust and Savings Bank and as counsel for the Bank of Italy, and that "a part of said loan", which was involved in that action, was "made by the Marine Trust and Savings Bank *through their agent* Marine Holding Corporation". The last-mentioned corporation is a party to this suit, but the Marine Trust and Savings Bank, which is alleged to have made the loan, is not a party to the action.

The appellant relies on the case of *Howell* v. *Budd*, 91 Cal. 342 [27 Pac. 747], as authority for the assertion that sufficient allegations disqualifying the judge appear for the reason that it is recited the Marine Holding Corporation was the agent of the Marine Trust and Savings Bank, for which last-mentioned bank the judge did formerly act as an attorney, and that he was therefore disqualified from trying the cause under the provisions of section 170 of the Code of Civil Procedure. The Howell case is not in point. It involved only the question of disqualification on account of the relationship of the trial judge to one of the parties to the suit by consanguinity or affinity. It has no application to the effect of the status of an attorney. In the present case there is no direct allegation of an agency. That appears merely by recitation as a conclusion of the pleader. Moreover, subdivision 4 of section 170 of the Code of Civil Procedure is the only portion of that section which relates to the disqualification of a judge on the ground that he formerly acted as an attorney for a party to the suit. It prohibits him from trying the cause only when "he has been attorney or counsel *for any party;* or when he has given advice *to any party* . . . " Subdivision 3 of that section, upon which the appellant relies, has no application to the disqualification of a judge on the ground that he was formerly an attorney for a party to the suit. The last-mentioned subdivision has reference only to his disqualification on the ground that he is related by consanguinity or

affinity to one of the parties to the suit, or that he was so related by consanguinity or affinity to the attorney or an agent of a party to the suit. It is neither alleged that Judge Hight was related by consanguinity or affinity to any party to the action, nor to an agent of any party to the suit. There is, therefore, no merit in this contention.

The appellant, however, also claims that the amended complaint sufficiently alleges a cause of action to set the former judgment aside for the reason that it is stated the judgment was based on a false ledger sheet of the account which is involved in the previous suit, which document "said defendants connived and conspired together to prepare and offer" in evidence, and that pursuant to an alleged conspiracy between two of the attorneys for the defendants in the former action and Judge Hight, his appointment as judge of the municipal court of the city of Long Beach, and his selection as trial judge in that case by the judicial council of the state of California were procured with the understanding that he was to wrongfully decide the case in favor of the defendants. Finally, it is asserted the complaint sufficiently alleges that the trial judge was bribed to wrongfully determine the suit in favor of the defendants.

These are serious charges to make. If they were true they furnish ample reason for disqualifying a trial judge and he should be prohibited from trying the cause. It does not appear the plaintiff objected at the former trial on those or any other grounds to the judge presiding. That was an appropriate time to object to his disqualifications. Moreover, a careful reading of the voluminous complaint in this case impels the conclusion that the pleader carefully avoided direct or specific allegations of these serious charges. They do appear by innuendo and indirection. But fraud and collusion which will render a judgment void must be directly charged to withstand an attack by demurrer. We are of the opinion the complaint does not adequately allege those facts, and that the general demurrer was, therefore, properly sustained.

The allegation that the judgment in the former case was founded on perjured evidence in the nature of "a false ledger sheet" and that the defendants conspired to produce such false evidence or record amounts merely to a

charge of intrinsic fraud as distinguished from extrinsic fraud. The authorities are uniform to the effect that a court may not set aside a former judgment on the mere ground of intrinsic fraud based on mere collateral facts. (*Pico* v. *Cohn*, 91 Cal. 129 [25 Pac. 970, 27 Pac. 537, 125 Am. St. Rep. 159, 13 L. R. A. 336; *Flood* v. *Templeton*, 152 Cal. 148 [92 Pac. 78, 13 L. R. A. (N. S.) 579]; *Clavey* v. *Loney*, 80 Cal. App. 20 [251 Pac. 232]; 15 Cal. Jur. 18, sec. 124.) This principle is too well settled to require discussion. In the authority last cited it is said in that regard:

"It is settled beyond controversy that a judgment or decree will not be vacated merely because it was obtained by forged documents or perjured testimony. False or perjured testimony is not extrinsic fraud, even though it was procured by bribery on the part of the party benefiting by it, since when one is offered the opportunity to do so at a trial, he must be prepared to meet and expose perjury at that time. There must be an end to litigation, and when parties have once submitted a matter, or have had the opportunity of submitting it for investigation and determination, and when they have exhausted every means for reviewing such determination in the same proceeding, the judgment is regarded as final and conclusive unless it can be shown that the jurisdiction of the court has been imposed on, or that the prevailing party, *by some extrinsic or collateral fraud,* has prevented a fair submission of the controversy.

"Nor does the fact that perjury is the result of a conspiracy change it from intrinsic to extrinsic fraud. Likewise, the mere failure of a party to introduce evidence, known to him to exist, tending to overthrow his case, is not ground for setting aside the judgment. The theft and suppression of documentary evidence is akin to perjury, especially when made effective by that means, and is not extrinsic fraud."

The alleged conspiracy and fraud consisting of procuring and offering in evidence a false ledger sheet of the account in question is clearly intrinsic and collateral in its nature and therefore it may not become the basis of facts which will warrant the canceling of a judgment on that account.

The complaint fails to state facts constituting a conspiracy to wrongfully procure the appointment of Percy

Hight as judge of the municipal court of the city of Long Beach. It merely declares that:

"The said defendants and their officers, agents and employees and their said attorneys . . . wrongfully and corruptly conspired with the said defendant Percy Hight to and did promote, advance and use their . . . influence, persuasion and good-will before the Governor of the State of California to obtain and secure the appointment of Percy Hight by said Governor as Judge of said Municipal Court of the City of Long Beach, and that at the instance, demand and request of the said defendants . . . said Percy Hight was appointed by said Governor as such Judge . . . as he otherwise would not have been."

It is not stated in the complaint what improper acts, if any, were accomplished to procure the appointment of Percy Hight as judge of the municipal court. No acts constituting a conspiracy are alleged. It certainly is not improper for any citizen to use proper "influence, persuasion or good-will" to procure the appointment to office of any qualified person. For exactly the same reason the complaint fails to allege specific acts or conduct constituting a conspiracy to procure the chairman of the judicial council of the state of California to designate and appoint Judge Hight to preside at the trial of the previous cause. That statement is made in the complaint in almost the same language above recited with relation to the alleged conspiracy to procure his appointment as judge by the governor of California. These statements of an alleged conspiracy are too remote, visionary and absurd to receive serious consideration. It is not alleged the governor or the chief justice had any knowledge of ulterior motives on the part of the defendants or their agents or attorneys in the exercise of their influence and good-will to procure the appointment of Judge Hight and to select him to preside at the trial. We will, therefore, assume that nothing but the highest motives, the superior qualifications of the candidate and the welfare of the public prompted the appointment and selection of Judge Hight. There is not even an inference that the appointive powers which controlled the selection of Percy Hight as judge of the municipal court of Long Beach, and as presiding judge of the trial of the former case were implicated in any conspiracy to defeat justice or to aid the wrongful decision of

the case against the plaintiff. The charge appears to be frivolous.

■ Finally, it is urged the complaint does sufficiently charge the trial judge with having received a bribe to wrongfully decide the case against the plaintiff. This claim is equally without merit. There are no allegations to that effect. The most that may be said is that the pleading contains a rambling hearsay statement to the effect that a conversation was overheard in which one individual said that another person knew the judge had accepted a bribe to determine the case in favor of the defendants. The complaint recites in that regard:

"The plaintiff alleges that during a conference between the defendant W. M. Cook and E. C. Denio, attorney for the defendants . . . said defendant Cook stated . . . that the said E. C. Denio knew . . . that said defendant Percy Hight was paid Five Thousand ($5000.00) Dollars . . . as inducement to render a judgment against the plaintiff . . . "

It will be observed it is not even alleged that Denio, or anyone else, admitted in this alleged conversation that he knew that to be a fact. In truth, no facts are alleged in that regard. Such statements fall far short of direct allegations that the judge accepted a bribe to wrongfully render judgment against the plaintiff. The complaint contains no allegation of facts upon which a finding of bribery could be based. The complaint is radically defective in that regard.

We are, therefore, convinced the amended complaint fails to state facts sufficient to constitute a cause of action based on fraud, conspiracy or upon any other valid theory.

In view of what we have previously said regarding the insufficiency of the complaint as against a general demurrer, it becomes unnecessary for us to determine whether the special demurrer was also correctly sustained.

The judgment is affirmed.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 19, 1936.