**W.W.G. CORPORATION, d/b/a Cedar Run Apartments, Plaintiff–Appellant,**

v.

**Barbara HUGHES, Defendant–Appellee.**

**No. 97CA0663.**

Colorado Court of Appeals,
Div. IV.

April 30, 1998.

Nathan, Bremer, Dumm & Myers, P.C., Christina M. Habas, Andrew J. Fisher, Denver, for Plaintiff–Appellant.

Geil, Jeffers, Kreutzer & Waitkus, P.C., Julie Kreutzer, Boulder, for Defendant–Appellee.

Opinion by Judge VOGT.

In this landlord-tenant dispute, plaintiff, W.W.G. Corporation, d/b/a Cedar Run Apartments (landlord), appeals from an order precluding it from evicting defendant, Barbara Hughes (tenant), from her apartment. Landlord contends that the trial court erred in adopting the common-law doctrine of retaliatory eviction as a defense to an unlawful detainer action, and in applying it to preclude eviction of the tenant in this case. We reverse and remand with directions.

Tenant leased an apartment from landlord under a series of lease agreements from 1990 to 1995. In late 1994, after tenant complained about water damage that had occurred in the apartment during her extended absence, landlord provided her with a different apartment in the same complex. Tenant sought compensation from landlord's insurer for damage to her possessions. She claimed that the damage was caused by leaking pipes, while landlord asserted that tenant was to blame because she had left water running and the heat turned off during her absence.

In March 1995, landlord gave timely notice to tenant that it would not renew her lease when it expired at the end of April. After receiving the nonrenewal notice, tenant filed a claim with the Colorado Civil Rights Com-

mission, alleging violations of the Colorado Fair Housing Act. Pending resolution of that claim, which was later dismissed, landlord agreed to extend the tenancy on a month-to-month basis.

In August 1995, landlord again gave timely notice to tenant that her tenancy would not be renewed and that she should vacate the premises effective August 31. When tenant refused to leave, landlord filed an action in county court for possession under the forcible entry and detainer (FED) statute, §13–40–101, et seq., C.R.S.1997.

Tenant filed counterclaims arising out of the 1994 water damage to her personal property, and the case was removed to district court. The trial court bifurcated the possession issue and the counterclaims into two proceedings. We are concerned here only with the possession action, not tenant's counterclaims.

At the possession hearing, tenant raised the equitable defense of retaliatory eviction. The trial court noted that it was not clear whether Colorado had adopted the doctrine, but that it was consistent with Colorado law. The court concluded that landlord's refusal to renew the lease was impermissible retaliation for tenant's property damage complaint, and ordered that tenant had a right to possession of the apartment as long as she paid rent and abided by reasonable conditions applicable to all tenants.

The landlord appealed, but the appeal was dismissed without prejudice for lack of a final judgment. *W.W.G. Corp. v. Hughes* (Colo. App. No. 95CA1915, Feb. 13, 1997) (not selected for official publication). This appeal followed the trial court's certification of the order on possession as a final appealable order pursuant to C.R.C.P. 54(b).

## I.

■ Landlord asserts that the trial court erred in going beyond the permissible scope of a possession hearing to consider tenant's equitable defenses, in recognizing the equitable defense of retaliatory eviction, and in finding that retaliatory eviction applied to the facts before it. Since equitable defenses may be interposed in FED actions, *see McCrim-* *mon v. Raymond,* 77 Colo. 81, 234 P. 1058 (1925); *Adcock v. Lieber,* 51 Colo. 373, 117 P. 993 (1911), and since the trial court acted within its discretion in ruling that evidence offered by tenant was relevant to her equitable defenses, we disagree with landlord's first contention. However, we agree with landlord that the facts as found by the trial court do not constitute retaliatory eviction as that doctrine is generally understood, and thus reverse the judgment without deciding whether the doctrine is available in Colorado in other situations.

## A.

■ The doctrine of retaliatory eviction is a limitation on a landlord's traditional right to decline to renew a lease for any reason. The defining case on the doctrine of retaliatory eviction is *Edwards v. Habib,* 397 F.2d 687 (D.C.Cir.1968), *cert. denied,* 393 U.S. 1016, 89 S.Ct. 618, 21 L.Ed.2d 560 (1969), which held that a residential landlord was not free to evict his tenant in retaliation for the tenant's having reported housing code violations to the authorities, and that the landlord's retaliatory motive constituted a defense to an action for possession. The court found that the vital public policy of maintaining effective enforcement of the local housing code would be thwarted if landlords were permitted to evict tenants who reported housing code violations to the authorities. *See also Building Monitoring Systems, Inc. v. Paxton,* 905 P.2d 1215 (Utah 1995).

Since *Edwards,* a number of states have adopted the retaliatory eviction defense, usually by statute. *See* Uniform Residential Landlord & Tenant Act §5.101, 7B *Uniform Laws Annot.* 503 (1985 Master Ed.) (URLTA) (adopted in fifteen states); *Wright v. Brady,* 126 Idaho 671, 889 P.2d 105 (Idaho 1995) (citing other state statutes).

The doctrine is most often invoked in cases in which a tenant is evicted for reporting a violation of a protective housing statute or other violation of law by the landlord, or for engaging in tenant organization or tenant union activities. *See generally* 5 D. Thomas, *Thompson on Real Property* §40.09(c)(3) (1994); Annot., 23 A.L.R. 5th 140 (1994);

Restatement (Second) of Property §14.8 (1977) (limiting doctrine to situations in which tenant has complained about a violation by the landlord of a protective housing statute).

Colorado courts have not previously determined whether the doctrine applies in this state, and the General Assembly has neither adopted the URLTA nor otherwise recognized the doctrine by statute. In *Hurricane v. Kanover, Ltd.,* 651 P.2d 1218 (Colo.1982), the supreme court was presented with the question whether the doctrine was available as a defense, but found it unnecessary to decide the issue, because the facts in that case would not have supported a retaliatory eviction claim.

### B.

■ Even if we were to assume that the defense of retaliatory eviction were available in Colorado, we would nevertheless conclude that the facts presented here do not support such a defense.

In determining that tenant had a right of possession, the trial court found the landlord's argument that it was not renewing tenant's lease for "business reasons" to be evasive, illogical, and not supported by the evidence. It further found that the eviction action was brought in retaliation for the tenant's assertion of a claim regarding the water damage to her property and the uninhabitable state of her apartment. We accept these findings because they are supported by the record and not clearly erroneous. *See* C.R.C.P. 52; *M.D.C./Wood, Inc. v. Mortimer,* 866 P.2d 1380 (Colo.1994). We are not bound, however, by the trial court's legal conclusion drawn from these findings. *Baldwin Construction, Inc. v. Industrial Claim Appeals Office,* 937 P.2d 895 (Colo.App.1997).

The retaliatory eviction doctrine arose out of a concern about providing decent housing and a recognition that enforcement of housing codes "depend[s] in part on private initiative in the reporting of violations." *Edwards v. Habib, supra,* 397 F.2d at 700. This case does not involve retaliation for reporting a housing code violation to a governmental authority. Thus, the policy reasons that led to judicial recognition of the doctrine are not present here.

We note that some states have enacted statutes prohibiting retaliation for complaints made to a landlord about the condition of the leased premises, even where no complaint has been made to a governmental authority. *See, e.g.,* URLTA §5.101(a)(2); Alaska Stat. §34.03.310(a)(1)(1996). However, absent such a statute, no case of which we are aware has recognized a retaliatory eviction defense when the tenant has complained only to the landlord about the condition of the premises. Where the General Assembly has not chosen to adopt the retaliatory eviction doctrine by statute, we decline to adopt it in a situation that would extend it beyond what was contemplated at common law.

We hold that the retaliatory eviction doctrine would not apply under the facts of this case. Thus, as in *Hurricane v. Kanover, Ltd., supra,* we need not decide whether the doctrine should be recognized in Colorado in other circumstances.

The order is reversed and the cause is remanded for further proceedings consistent with this opinion.

NEY and RULAND, JJ., concur.