# SULLIVAN,

## WYMAN'S APPEAL.

An administrator may compound with a debtor, and receive less than the amount due the estate, without first obtaining authority from the judge of probate so to do, under the statute, provided the compromise is judicious and beneficial to the estate.

But if such authority be not obtained, and objections be made by the heirs, the burden of proof will be upon the administrator to show those facts.

It will not be sufficient to show that he acted in good faith, and by the advice of disinterested and judicious men.

APPEAL from a decree of the judge of probate, whereby the appellant, on the settlement of her account of administration on the estate of her intestate, was charged with the balance of a demand against M. M. Hall.

It appeared from the report of an auditor, that there were several claims against said Hall, belonging to the estate, amounting to more than $600, and that the administratrix, acting in good faith, and by the advice and assistance of disinterested, judicious, and discreet men, made an adjustment with Hall, of all claims, and received of him $300, in full discharge of the demands, for which she had accounted in a previous account.

*Coolidge*, of Vermont, for the heirs. The court of probate charged the administratrix with the residue of the debts against Hall, over what she received, she having compromised with him without the assent of the judge of probate.

It does not appear that this was a prudent compromise. It is said that it was by the advice of judicious friends, but this is not sufficient.

The statute empowers the judge of probate to authorize administrators to compound and discharge debts, in case of the insolvency of the debtor, but no such application was made in this case.

She ought, therefore, to stand charged with the amount she has surrendered. Nothing appears, to justify her in taking less than the amount of the demand.

The statute proceeds upon the ground that the administrator has not ordinarily a power to compromise. It excludes the exercise of the same power in any other way.

*Leland,* for the appellant, contended, that the administratrix having acted in good faith, with the advice of disinterested and judicious men, was to be protected ; and that the circumstances under which she made the compromise were equivalent to a license.

Parker, C. J. The statute of July 1, 1825, enacts, that the judges of probate, upon application, may authorize and empower an executor or administrator to compound and discharge any debts or demands due to the estate, in case of the insolvency of the debtor, on receiving such sum as the executor or administrator shall deem proper, or as the judge of probate may direct ; and that the executor or administrator shall not be held accountable, on the settlement of his administration account, for any debt or demand he may so compromise and discharge, beyond the amount he shall have received.

It does not follow, that if an executor or administrator make a compromise of a demand due the estate, without obtaining such authority, he is necessarily to be charged with the full amount of the claim.

Prior to the passage of that act, there was no statute provision upon the subject. But it was the duty of executors and administrators to act for the greatest benefit of the estate in this respect, and to obtain the greatest amount upon the

debts due, that they might by the exercise of a reasonable diligence. . And it is not to be doubted that, before the passage of the statute, an administrator might lawfully compound with a debtor, and receive less than the amount of the debt, if he could show that what he had done was beneficial to the estate. But he acted in some peril in the matter; for if an objection was taken, the burden of proof lay upon him to show that he had acted judiciously, and that the estate had not been prejudiced by the compromise; and if he failed in this, he might be made chargeable with the difference.

To obviate this difficulty, and perhaps also to remove doubts upon the subject, the statute has provided a mode in which the administrator, by obtaining a previous authority from the judge, may compromise with a debtor, with perfect safety, and without being subjected to expense in sustaining his acts.

But the right to compromise which existed prior to the passage of the statute, is not taken away. It may still be exercised as before, subject to the same limitations and risk.

As the appellant acted in this case without any special authority from the judge of probate, and objection is made by those interested in the estate, it falls upon her to prove that the compromise which she made was judicious and beneficial, or at least not prejudicial to the estate. This she has not done. The report of the auditor finds that she acted in good faith, and by the advice and assistance of disinterested, judicious and discreet men; but this is not enough. They may not have known all the facts of the case. She may not have obtained all the information respecting the ability of the debtor which she ought to have had, and might have obtained, by the exercise of reasonable diligence; and the estate may have suffered materially by her acts. How this is, does not appear; and the report must be recommitted for a further enquiry.