[Civ. No. 1461.   Second Appellate District.—May 19, 1914.]

EMILY SOPHIA TAYLOR, as Executrix of the Will of Thomas Edwin Wright, Deceased, Appellant, v. THOMAS A. SANSON et al., Respondents.

ESTATE OF DECEDENT—COMPROMISE OF CLAIM BY EXECUTOR—WHETHER BINDS ESTATE.—An executor's compromise of a claim existing in favor of the estate does not bind the estate where there is no showing of approval by the probate court, or of insolvency of the debtor, or of probability that a greater amount could not be collected than that paid; and the acceptance and cashing of a check given in full settlement does not prevent the executor from maintaining an action for the balance of the claim.

ID.—POWER OF EXECUTOR—NOTICE TO PERSONS DEALING WITH HIM.—It must be presumed that a person dealing with an executor or administrator, as such, is aware of the limitations and conditions affecting the power of such representative of the estate.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

Shaw & Stewart, for Appellant.

Duke Stone, W. F. Palmer, and J. W. Hocker, for Respondents.

JAMES, J.—This action was brought by plaintiff as executrix of the estate of Thomas Edwin Wright, deceased, to recover the sum of six hundred dollars alleged to have been collected by the defendants as money belonging to the estate of plaintiff's testator and for the use and benefit of said estate.   By the answer of the defendants it was set up that they as attorneys at law had, under an express employment therefor, performed legal services for and on behalf of decedent, which included the collection of money on a judgment, amounting to $901.75; that out of this money they were entitled to retain the reasonable value of their services, after deducting which, it was alleged they forwarded a check for the difference to the executrix who accepted the same in full satisfaction of all claims of the estate against the defendants.   The appeal is taken from a judgment entered in favor of defendants and is presented on the judgment-roll alone.

The findings of fact set forth the details of the employment by decedent of the defendants in their capacity as attorneys at law and the collection of the money on the judgment in the amount of $901,75, and determined that defendants held a lien upon the amount so collected for the reasonable value of their services which reasonable value is found by the court to be the sum of $595.   It further appears from the findings that the defendants retained $800 of the $901.75 claiming that the services rendered were worth that amount and that they did forward a check for the difference, which amounted to $114.75, to the executrix with a statement in writing reciting in effect that the check was delivered in settlement of the claim and account of the estate against the defendants.   It further appears by the findings that the executrix received the check and cashed the same and appropriated the pro-

ceeds thereof, but before cashing the check or appropriating the proceeds she stated to the defendants that she would not accept the check in full settlement of all claims of said estate against the defendants. Further finding is made that the receiving of the check and the cashing of the same and appropriating the proceeds thereof by the executrix was at no time approved by the superior court. The court concludes that there was an accord and satisfaction and that the cashing of the check and the appropriating of the proceeds thereof by the executrix bound the estate in compromise of its claim against the defendants, which claim was determined by the court to be the sum of five hundred and ninety-five dollars only. After receiving and cashing the check mentioned, the executrix commenced this action to recover what she claimed was due and owing to the estate as a sum in addition to that received by her as represented by the check. The question is presented as to whether, under the facts narrated, an executrix or administrator of the estate of a deceased person has power to bind the estate by compromise of a claim such as that shown by the evidence in this case. If the executrix could have by express agreement discharged the defendants from the payment of all further amounts over the $114.75, then it may be said that her actions as shown respecting this claim would constructively amount to such an agreement. (*Lapp-Gifford Co.* v. *Muscoy Water Co.*, 166 Cal. 25, [134 Pac. 989].) At common law the power and control of an administrator over the property, especially the personal effects, of a decedent was almost absolute. The rules of common law, however, as affecting this subject have been considerably modified by statutes. In our state it is provided that the property in all assets of a decedent passes, not as under the common law to the administrator, but to the heirs of the decedent. (Civ. Code, sec. 1384.) In the Code of Civil Procedure the power and authority of an administrator or executor are generally covered by specific provisions of the statutes. Upon the subject of the right of an executor to compromise with debtors of an estate, section 1588 of the Code of Civil Procedure provides as follows: "Whenever a debtor of the decedent is unable to pay all his debts, the executor or administrator, with the approbation of the court, or a judge thereof, may compound with him and give him a discharge, upon receiving a fair and

just dividend of his effects. A compromise may also be authorized when it appears to be just, and for the best interest of the estate.'' It has been held under this section that an executor was not required to first obtain authority from the probate court to compromise with a debtor, but that he might do so without such precedent authorization, provided the compromise was for the best interests of the estate, which action on the executor's part must be afterwards approved by the probate court (*Moulton* v. *Holmes*, 57 Cal. 337.) Where the facts reasonably establish that the executor in compromising a claim acted in good faith under facts which reasonably indicate that the best interests of the estate will be subserved, the probate court is not authorized to withhold its approval of the act of the executor. However, such facts must be shown as will establish *prima facie*, at least, that the executor has acted for the best interests of the estate which he represents. In cases where a compromise is made with a debtor a reasonable showing that such debtor was then or about to become insolvent, or that in all reasonable probability the debt could not be collected by suit, would undoubtedly justify the making of the compromise. It has been held that an executor has no authority to discharge a judgment for a sum less than the amount for which it was rendered. (*Deland* v. *Hiett*, 27 Cal. 611, [87 Am. Dec. 102]; *Siddall* v. *Clark*, 89 Cal. 321, [26 Pac. 829].) A leading case in which the question of the powers of executors and administrators with respect to the control of the property of the estate are quite exhaustively treated of, is that of *Maddock* v. *Russell*, 109 Cal. 417, [42 Pac. 139]. It must be presumed that a person dealing with an executor or administrator as such is aware of the limitations and conditions affecting the power of such representative of the estate. Applying that presumption to the facts of this case, it must then be assumed that the defendants were aware that the executrix could not compromise with them as to the amount claimed by the estate, and that if she did so her action would be conditional upon an approval by the probate court, which approval would be conditional also on it being made to appear that the action of compromise was for the best interests of the estate. None of the features of insolvency of the debtors, or of the probability that the estate could not collect a greater amount than that paid, was shown

by the findings to have existed. The executrix, under the facts as determined by the trial judge, was without authority to compromise the claim, and the action brought by her on behalf of the estate to collect an additional amount could be maintained, notwithstanding the receipt and appropriation by her of the check for $114.75. The findings perhaps, as suggested by respondents, might have been made more complete and have presented more succinctly the ultimate facts which the court was called upon to resolve, but sufficient facts are determined to show that the conclusion of law as drawn therefrom by the court is erroneous.

No question is made as to the right of defendants to withhold the reasonable value of their services and deduct the same from the amount of money collected on the judgment without presenting a claim against the estate for approval in the usual way.

The judgment is reversed, with direction to the trial court to amend its conclusions of law and to enter judgment in favor of the plaintiff in accordance with the facts as found consistent with the conclusions expressed in this opinion.

Conrey, P. J., and Shaw, J., concurred.