[Civ. No. 6396. First Appellate District, Division Two.—June 1, 1928.]

In the Matter of the Estate of JOHN H. TROY, etc., Deceased. BEATRICE H. HANKS, Respondent, v. WALTER E. DORN et al., Appellants.

Walter H. Robinson for Appellants.

Booth B. Goodman for Respondent.

NOURSE, J.—The appellants have appealed from an order of the probate court directing them to pay into court moneys found to belong to the estate of Troy, deceased, of which respondent Hanks is the executrix. The moneys are proceeds of the sale of real property belonging to the estate which came into the possession of the appellants in their capacity as attorneys for the executrix. They make no claim of title but insist that they are excused from complying with the order because of certain attachments which have been levied in actions pending against the executrix personally. Of the sums ordered to be paid $8,000 is on deposit in a local bank to the joint account of Palmer and Dorn, while the remaining $779.58 is held by Dorn alone. Palmer has en-

deavored to meet the terms of the order and does not join in the appeal.

The order was made pursuant to a citation and hearing under section 1461 of the Code of Civil Procedure, wherein it appeared that certain real property belonging to the estate had been sold under order of court; that the entire proceeds had been received by appellant Dorn; that he paid from these moneys claims against the estate and legacies included in the decree of distribution; that he paid nothing to the executrix, who was one of the legatees; but deposited the sums in suit to meet the claims of her creditors. None of the money having been distributed to the respondent, it was still the property of the estate subject to the inquiry provided for in the section cited.

It is argued that the court was without power to set aside the decree of distribution to the prejudice of the attaching creditors of the distributee. The point does not arise. No appeal was taken from the order setting aside the decree of distribution. There are many cases under which such a decree may be set aside, and when this is done it is not subject to collateral attack. The fact that attaching creditors may have had the right to object to the vacation of the decree is not a matter which the appellants can raise here, as they are not representatives of those creditors.

It is argued that the accounting involved the determination of title claimed by third parties—a matter over which the probate court had no jurisdiction. The decree of distribution having been set aside before any of these moneys were distributed to the legatee, there was no dispute of title between the creditors and the legatee. The moneys were clearly the property of the estate for which the attorneys were bound to account to the estate.

Finally it is argued that the order requiring the payment of the moneys into court is a nullity because section 1461 of the Code of Civil Procedure merely provides for an accounting and that "an accounting having been made, the court was without authority to do anything further thereunder. The point is merely stated without argument and without citation of authority. *Heydenfeldt* v. *Superior Court,* 117 Cal. 348 [49 Pac. 210], is authority adverse to appellants' contention. There an order was made, after hearing upon a citation issued under section 1461 of the

Code of Civil Procedure, requiring a legatee to restore to the executors property which she had received by virtue of a decree of distribution which was later reversed on appeal. The supreme court affirmed the order upon the ground that the property having been acquired through the error of the probate court, that court had the inherent power to right the injury caused by its own error. There is no essential difference between the reversal of a decree of distribution on appeal and a vacation of the decree by the court which entered it. Where a party has obtained property of an estate by virtue of a decree which has been set aside he holds under the court's error and is not a third party claiming title adversely to the estate as was the case in *Ex parte Case,* 71 Cal. 269 [12 Pac. 18].

Order affirmed.

Koford, P. J., and Sturtevant, J., concurred.