[Civ. No. 5643.   Third Appellate District.—January 8, 1937.]

ZILLA GRACE SEE, Appellant, v. LIZZIE JOUGHIN, as
Executrix, etc., et al., Respondents.

David G. Kling and Daniel A. Knapp for Appellant.

G. P. Adams for Respondents.

THOMPSON, J.—The plaintiff has appealed from a judgment of dismissal of an action which was rendered against her pursuant to an order sustaining separate general and special demurrers to a second amended complaint without leave to amend the pleading. It is contended the complaint states a good cause of action to set aside another judgment of foreclosure of a mortgage in a previous action, and that the court abused its discretion in not permitting the complaint to be amended.

The second amended complaint contains three counts. The first cause attempts to allege facts constituting extrinsic fraud as grounds for setting aside a judgment which was rendered in a former action foreclosing a mortgage. The second cause is for labor performed and expenses incurred in making cer-

tain improvements on the mortgaged property in anticipation of a renewal of the second mortgage which was held by plaintiff. The third cause asks the court to declare the judgment of foreclosure to be a mere mortgage to secure the plaintiff's lien. It is alleged the plaintiff was formerly the owner of 50 acres of farm land in Los Angeles County, worth, at the time of the foreclosure suit, approximately $100,000, together with certain water rights appurtenant thereto; that Andrew Joughin loaned the plaintiff $37,000 in 1917, secured by a mortgage on the property; that in 1921 he made a further loan to her of $13,000, extending the maturity of the entire loan to March 24, 1928; that the plaintiff was formerly married to W. H. Howell, who died; that she married Robert T. See in 1927, and immediately transferred the land to him; that, with plaintiff's consent, he then sold the land to Lafayette Adams Corporation, subject to the mortgage held by Andrew Joughin, and to a second trust deed held by Robert T. See, to secure an additional sum of $53,000, being the balance of the purchase price therefor; that Andrew Joughin orally agreed with the plaintiff that if Mr. and Mrs. See would foreclose their trust deed against the Lafayette Adams Corporation, to save Joughin, if his first mortgage were foreclosed, the necessity of waiting for the expiration of the time provided by law for redemption, he would waive one-half of the deferred interest due. to him, and would release the appurtenant water rights; that proceedings to foreclose the trust deed were not instituted, and that Andrew Joughin died testate March 29, 1932; that his will was admitted to probate and his wife, Lizzie Joughin, was appointed and qualified as executrix thereof in April, 1932; that Mrs. Joughin subsequently renewed the alleged oral agreement of her husband to waive one-half of the deferred interest and to release the water rights, but went to Europe where she remained until August 1, 1932, and failed and refused to carry out the agreement; that the agent of the executrix and the attorney for the estate informed plaintiff she ''should wait for the written release of the water rights until about the 1st of August, 1932, at which time Mrs. Joughin would return from Europe'', and that ''until Lizzie Joughin returned from Europe nothing could be done about releasing the water rights''; that in expectation of receiving a written agreement pursuant to the foregoing oral promise, the plaintiff com-

promised and settled a $2,000 crop lien which was incurred by the Lafayette Adams Corporation, and performed work and made improvements on the mortgaged property at considerable expense; that when Mrs. Joughin returned from Europe she refused to execute a written agreement conforming to the former alleged oral promise, and on August 9, 1932, through her agent, Carl H. Bilger, demanded of plaintiff the immediate payment of all deferred interest and taxes, which was refused; that in the negotiations to compromise the plaintiff's indebtedness, she conferred with and relied upon the attorney for the estate, who formerly acted as her lawyer in other legal matters, but that he told her, on November 21, 1932, ''that she had better get another attorney'' and said ''We cannot be on both sides of the fence, because we are the attorneys for the Joughin estate''; that the executrix of the estate of Andrew Joughin, deceased, subsequently brought suit against the Lafayette Adams Corporation and against the plaintiff and her husband to foreclose the $50,000 mortgage, all of which were personally served on defendants and they failed to appear or answer in that proceeding; that a decree of foreclosure was rendered in favor of the estate, and the land was sold by the sheriff to satisfy the judgment; that ''the plaintiff had all confidence in the defendants, and relying upon the various and numerous representations hereinabove set forth did accept the advice of the defendants, and did permit the said foreclosure suit to proceed, without contesting said foreclosure proceeding''. The complaint prays that the money received by the estate upon foreclosure sale be declared to be a trust fund to secure the plaintiff's mortgage lien and the money expended by her in improving the property and that an accounting be had to determine the amount due to her.

Upon motion therefor, various portions of the complaint were stricken from the pleading. In view of our determination of this appeal, it is not necessary to specify those stricken portions. Three separate general and special demurrers to the second amended complaint were filed and sustained by the court without leave to amend the pleading. A judgment of dismissal of the action was subsequently rendered against the plaintiff. From that order the plaintiff has appealed.

We are satisfied the demurrers were properly sustained. The amended complaint fails to state a cause of ac-

tion either to set aside the judgment of foreclosure for extrinsic fraud, to declare a trust in the foreclosure fund or for services performed and expenditures incurred in behalf of the estate. The first cause of action is a clear collateral attack upon the foreclosure judgment. The circumstances alleged do not constitute extrinsic fraud. (*Pico* v. *Cohn,* 91 Cal. 129 [25 Pac. 970, 27 Pac. 537, 25 Am. St. Rep. 159, 13 L. R. A. 336] ; *Flood* v. *Templeton,* 152 Cal. 148 [92 Pac. 78, 13 L. R. A. (N. S.) 579] ; *Clavey* v. *Loney,* 80 Cal. App. 20 [251 Pac. 232] ; *O. A. Graybeal Co.* v. *Cook,* 16 Cal. App. (2d) 231 [60 Pac. (2d) 525] ; 15 Cal. Jur. 18, sec. 124.) The alleged oral promise of Andrew Joughin during his lifetime was merely to waive one-half of the deferred interest due upon his mortgage, and to release the water rights, conditioned upon the foreclosure of the trust deed by the plaintiff against the Lafayette Adams Corporation to save Joughin the delay of taking possession of the premises during the period of the equity of redemption which would follow the foreclosure by him of the first mortgage lien. The complaint does not allege and the plaintiff does not contend that she commenced a suit for foreclosure of her trust deed. She deeded the property to her husband, and he conveyed it to the Lafayette Adams Corporation subject to the mortgages. No effort to perform her part of that oral agreement is alleged. It is alleged that the executrix, after her appointment, verbally agreed to carry out *the same oral promise* which her husband had conditionally made. The plaintiff never attempted to carry out her part of the agreement by instituting a suit to foreclose the trust deed. The oral agreement was ineffectual and void.

It is alleged that plaintiff compromised and settled a $2,000 crop lien created by the corporation and that she expended money in improving the property in reliance upon the promises of the agent of the executor and the attorney of the estate. Facts are not alleged which would bind the estate to carry out an oral promise of a mere agent of the executrix. The executrix had no power to compromise or waive a claim in favor of the estate without an order of court. An executrix is a mere trustee in charge of the property of the estate and may act only pursuant to law. It affirmatively appears that the attorney for the estate definitely informed the plaintiff long prior to the commencement of the foreclosure proceeding that she must not rely on him since he was attorney

for the estate, and that she should therefore secure a lawyer of her own. ■ Moreover, it also affirmatively appears that Carl H. Bilger, the agent, repeatedly demanded of the plaintiff that she promptly pay to the estate the deferred interest and taxes due. He also warned her that foreclosure proceedings would be commenced. It affirmatively appears from the complaint that the plaintiff was not warranted in believing that she could rely upon the alleged oral agreement and that her interest in the property would be protected if she did not appear and answer in the foreclosure proceeding. It is not alleged that she requested not to appear in that action under any circumstances. The complaint, taken as a whole, indicates that the plaintiff did not fail to appear or answer in the foreclosure proceeding on account of the conduct of the defendants or because of the alleged oral agreement. She was a party to that action and admits her knowledge of the proceeding. The facts which she alleges in the complaint should have been urged in her defense to the foreclosure proceeding. It is too late to urge them in a collateral attack upon the judgment which she permitted to be rendered against her by default.

■ It does not appear when the alleged services in behalf of the estate were performed, nor the nature or value of those services, except in a general way. If she expended money and performed services pursuant to a contract or agreement which she had with the deceased, it was necessary for her to present a claim therefor to the estate in the manner prescribed by law. (Sec. 707, Probate Code; 11A Cal. Jur. 684, sec. 487.) It does not appear that any such claim was ever presented for payment to the estate.

Under such circumstances the attack upon the judgment of foreclosure is collateral and will not lie. The plaintiff has no lien upon the foreclosure funds for the payment of alleged expenses and labor in behalf of the estate. The demurrers were properly sustained.

■ Since no request was made of the court to permit the plaintiff to amend her complaint, she waived her right to assert that the court abused its discretion in sustaining the demurrers without leave to amend the pleading. The record does not show and the appellant does not contend that she requested the court to permit her to amend the pleading. Indeed, it does not appear how the plaintiff could amend the

pleading so as to state a good cause of action. It is the established rule of law in this jurisdiction that a plaintiff waives a charge of abuse of discretion on the part of the trial judge in sustaining a demurrer to a complaint without leave to amend the pleading, where he fails to ask leave to file such an amendment. (*Buckley* v. *Howe,* 86 Cal. 596, 605 [25 Pac. 132] ; *Hogan* v. *Horsfall,* 91 Cal. App. 37 [266 Pac. 1002] ; *Gertridge* v. *State Capital Co.,* 129 Cal. App. 86 [18 Pac. (2d) 375] ; *Allen* v. *Stellar,* 106 Cal. App. 67, 73 [288 Pac. 855] ; *O. A. Graybeal Co.* v. *Cook,* 16 Cal. App. (2d) 231 [60 Pac. (2d) 525].)

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.