[L. A. No. 17105.   In Bank.—February 14, 1940.]

ZILLA  GRACE  SEE,  Appellant,  v.  LIZZIE  JOUGHIN, Executrix, etc., et al., Respondents.

D. G. Kling and D. A. Knapp for Appellant.

Bonpane & Prince and Eckman & Lindstrom for Respondents.

THE COURT.—This is a motion by the plaintiff and appellant to modify and make more certain an order of this court made on December 5, 1939, pursuant to the motion presented on that day by counsel for the defendants and respondents for a ''diminution of the record and for an order permitting the correction of an error and defect in the transcript on appeal, by filing as an amendment thereto a document entitled, 'Order Amending Engrossed Bill of Exceptions, Nunc Pro Tunc' '', a certified copy of which order was appended to the notice of motion.   In granting the motion the following minute order appears: ''Appellant allowed thirty day to file supplemental transcript and opening brief; usual time for further briefs.''

The appellant's opening brief was on file at the time the foregoing motion for diminution was made.

The appeal herein is from a judgment dismissing the action on the ground that the issues had been determined between the parties in a former action (*See* v. *Joughin,* 18 Cal. App. (2d) 414 [64 Pac. (2d) 149], action No. 369870 in the superior court), and were therefore *res judicata.* Counsel on the present appeal apparently concluded that the bill of exceptions did not adequately include the judgment roll in the former action, an inspection of which caused the trial court to dismiss the action. To safeguard the point counsel for respondents obtained from the trial court an order, *nunc pro tunc* as of the day of the settlement of the bill of exceptions, including in said bill the judgment roll in the former action. The motion of respondents for diminution of the record was based on the claim, supported by affidavit of the trial judge, that he had examined the judgment roll in the former action, had determined therefrom that the issues in the present action were *res judicata* and that said judgment roll had inadvertently. been omitted from the bill of exceptions on this appeal. The motion in this court was for diminution of the record to include in the record on this appeal the *nunc pro tunc* order and the judgment roll in the former action. The motion was granted on December 5th last, but the minute order did not specify how the judgment roll in the former action should be brought up. Counsel for the appellant suggests several alternatives, but only one need be employed. The clerk's transcript on the appeal in the former action is now lodged with the clerk of this court. That transcript contains the judgment roll in the former action, with very little additional matter. There appears to be no good reason why that transcript should not be considered a part of the record on the appeal in the present action without further printing or transcribing, and be referred to in all respects as though it had been included originally in this bill of exceptions.

The minute order of December 5th should therefore be modified to read as follows:

"Motion for diminution of the record is granted; and it is ORDERED that the certified copy of the *nunc pro tunc* order, appended to the respondent's notice of motion for diminution of the record filed herein, be deemed a part of the record

on this appeal, and that the judgment roll in the case of *See* v. *Joughin,* Los Angeles Superior Court, No. 369870 in the Superior Court, as contained in the Clerk's transcript of the record on appeal in the former action, be deemed a part of the bill of exceptions on the appeal in the present action, all without prejudice, however, to the consideration on this appeal of the validity and effect of said *nunc pro tunc* order. Appellant is allowed thirty days from and after the filing of this order to file a supplemental opening brief, usual time for further briefs."

It is so ordered.

Petition for rehearing denied.