[Civ. No. 17634. First Dist., Div. Two. June 11, 1958.]

Estate of EDWARD I. COFFEY, Deceased. Estate of KATHLEEN ANN COFFEY, Deceased. GERTRUDE HOFFMAN et al., Appellants, v. JAMES W. HARVEY, as Administrator, etc., Respondent.

Norman S. Stimmel, O'Gara & O'Gara, Purcell, Riordan & Riordan, Mark M. Coleman and Herbert Chamberlin for Appellants.

Frank S. McGorty and Dorothy E. Handy for Respondent.

KAUFMAN, P. J.—This is an appeal from an order of the probate court dated March 21, 1956, authorizing the respondent administrator in his discretion to prosecute the claim which he had made for the estates of Coffey against the estate of Liddle despite a previous order authorizing him to compromise said claim. The facts which give rise to this controversy are as follows:

Edward I. Coffey, an attorney, died intestate on June 20, 1943. His sole heir was his widow Kathleen, who was appointed administratrix. The estate of Edward I. Coffey was distributed on October 15, 1945. As the estate was insolvent, the decree of final distribution provided that if any property was subsequently discovered, certain creditors were entitled to share therein in proportion to their respective claims as follows:

Jerome J. & Nora Enright (subsequently
   assigned to B. H. Freeman) ........... $9,421.58
Mills Estate, Inc. .................... 2,229.57
Gertrude Hoffman (one of the appellants
   here) ............................ 824.96

The decree further provided that any property remaining after the above claims were paid in full was to pass to the widow. The widow, Kathleen Coffey, died on July 27, 1947. Her only heirs were her sisters, Helen Keating, Mary S. Keating, and Elizabeth MacPherson, hereinafter referred to as the Keating sisters. The estate of Kathleen Coffey was also insolvent.

After the death of Kathleen Coffey, further property belonging to Edward I. Coffey was discovered. Accordingly,

the estate of Edward I. Coffey was reopened. James W. Harvey, the respondent here, was appointed administrator of the estate of Edward Coffey and administrator of the estate of Kathleen Coffey. The newly discovered property in the estate of Edward I. Coffey consisted of a beneficial interest in a testamentary trust created by the will of Anne McNally Liddle. Anne McNally Liddle, a client of Edward I. Coffey, left certain property to Florence McNally for life, remainder to Edward I. Coffey and others. The will also provided that if any devisees died, their legacy was to be distributed to their heirs. Anne McNally Liddle died before Edward I. Coffey. Florence McNally, the life tenant, died in San Francisco on April 4, 1953. There is therefore a controversy as to whether Edward I. Coffey's interest in the Liddle Trust vested on the death of Anne McNally Liddle or on the death of Florence McNally. After the death of Florence McNally, the respondent filed a petition in Los Angeles, asking the court to construe the Liddle will. The appellants, Byrne, etc., who are some of the cousins of Edward I. Coffey filed a petition alleging that as Coffey's heirs at law who survived the life tenant, they were entitled to his share in the Liddle Trust. Both of these petitions are still pending in Los Angeles.

On April 18, 1955, the respondent filed a verified petition in the Superior Court of San Francisco, setting forth the above facts and asking the court to approve an agreement dated March 28, 1955, whereby some of the appellants and other claimants of the Liddle Trust agreed to compromise the claims of Edward I. Coffey and Kathleen Coffey to the Liddle Trust for $20,000. The petition also stated that the respondent had attempted to contact the Keating sisters and that they had refused to discuss the matter. No objection to the petition was filed. Notice was given to all parties that the petition would be heard on May 5, 1955. The Keating sisters were not present at the hearing and were not represented by counsel. The respondent testified that they had been duly notified. All other parties concerned were represented. The court approved the compromise agreement and entered its order on May 31, 1955. The order authorized the respondent to carry out the compromise, (subject to approval by the Los Angeles court) and pay the creditors of the Coffey estates and his own statutory fees from the $20,000. No appeal was taken from this order.

On March 9, 1956, the respondent filed an unverified peti-

tion for instructions in the Superior Court of San Francisco, setting forth the above facts and further stating that:

"That subsequent to said order of May 31, 1955, authorizing the compromise, your petitioner appeared in the proceeding No. P-5073, in the Superior Court of the State of California, in and for the County of Los Angeles, at the time and place set for hearing, but because of the uncertainty of the rights of the claimants represented by O'Gara and O'Gara and the rights of the claimants represented by James C. Purcell, Michael Riordan, and John M. Riordan, the proposed compromise could not be completed, and your petitioner's petition before said Superior Court in said Proceeding No. P-4073 has remained on file and never been dismissed; that no funds or other consideration have been received by your petitioner by reason of said proposed compromise concerning said Florence McNally Trust. That no determination has been made by said Court, or any Court, as to the persons entitled to the remainder interest in said Florence McNally Trust, and the matter is now set for hearing before said Court, in Pasadena, California, on March 23, 1956; that in addition to your petitioner's petition, the petitions of the claimants represented by O'Gara and O'Gara, attorneys at law, and the claimants represented by Purcell, Riordan and Riordan, attorneys at law, are also before said Court in Pasadena; and petitioner is informed and believes that George H. Sullivan and Julien R. Bauer, attorneys at law, have also appeared in said proceeding in behalf of Helen Keating, Mary Stella Keating, Elizabeth K. MacPherson, and the Estate of Robert P. Keating, deceased, whom they allege to be heirs of Kathleen Ann Coffey, deceased, and on or about the 22nd day of February, 1956, said Sullivan and Bauer made demands upon your petitioner, James W. Harvey, to pursue the claims of said heirs to the said testamentary trust through the above-entitled two Coffey Estates. That until said demands were recently made upon him, petitioner had no knowledge whatsoever that Kathleen Ann Coffey, deceased, had been survived by a brother, Robert Keating, who died on January 14, 1949.

"That petitioner desires to know whether it is for the best interests of the estates he represents to exercise the authority granted by the Order Authorizing Compromise of Claims, dated May 31, 1955, or to pursue the rights of the heirs of said Edward I. Coffey, deceased, and Kathleen Ann Coffey, deceased, to the Florence McNally Trust property,

and attempt to obtain for the two above-entitled estates larger amounts of money, dependent upon the determination of the question of law involved in the Estate of Liddle with reference to the date of vesting of the remainder interest in the testamentary trust.''

The appellants herein demurred and filed a verified opposition stating that the matter had been finally settled by the order of May 31, 1955. At the hearing on March 21, 1956, all of the appellants who are claimants to the Liddle Trust were represented, as well as the Keating sisters and the estate of Robert P. Keating, and the Enright creditors of the estate of Edward Coffey. On March 21, 1956, the court granted the respondent's motion to strike the demurrer and instructed the respondent as follows:

''That the order of May 31, 1955, authorizing a compromise of the claims of the two above-entitled Estates to the Liddle Trust Property, neither enlarged nor abrogated the regular powers of the Administrator of said Estates, but merely afforded him additional protection from liability in the event he should effect the compromise.

''That it now appearing that it is not to the best interests of the two above-entitled Estates and the persons interested therein that the Administrator should effect the said proposed compromise, but rather that it is to the best interests of said Estates and the persons interested therein that the Administrator should press the claims of the said two Estates to the said Liddle Trust Property by urging his petition in pending proceedings before the Superior Court of the State of California, in and for the County of Los Angeles, at Pasadena, in the Matter of the Estate of Anne McNally Liddle, deceased, said Administrator is instructed and authorized to do whatever he, in his discretion, may determine to be to the best interests of the said Estates of Edward I. Coffey, deceased, and Kathleen Ann Coffee, deceased, and the persons interested in the said Estates, in connection with the claims of said estates, or either of them, to the Liddle Trust Property, and he is authorized to prosecute the proceedings on his petition on file in said Estate of Anne McNally Liddle, deceased, without any restrictions whatsoever on his lawful and statutory powers as Administrator by reason of the order of the above-entitled Court made and entered on or about May 31, 1955, or any part of said order; that he is authorized to take such action as appears to him, as Administrator, to be to the best interests of the said estates, and his discretionary

and other powers as Administrator are in no wise restricted by said order of May 31, 1955.''

■ It is the propriety of the above order of March 21, 1956, which is in issue here. Appellants maintain that the court had no jurisdiction to make the order appealed from as the order of May 31, 1955, was final and immune from collateral attack. That even if made in proper exercise of jurisdiction, the order of March 21, 1956, was an abuse of discretion as it deprived them of valuable property rights acquired under the compromise agreement.

We think that the order of March 21, 1956, was a proper one and should be affirmed. The order was made pursuant to a petition for instructions filed under Probate Code, section 588, which provides:

''In all cases where no other or no different procedure is provided by statute, the court on petition of the executor or administrator may from time to time instruct and direct him as to the administration of the estate and the disposition, management, operation, care, protection or preservation of the estate or any property thereof. Notice of the hearing of such petition shall be given for the period and in the manner required by section 1200 of this code. (Added Stats. 1935, c. 724, p. 1973, § 10.)''

Notice of the hearing of the petition was given as required by section 1200 of the Probate Code and to persons entitled to special notice. The filing of the petition conferred jurisdiction. (*Estate of Green*, 138 Cal.App.2d 211 [292 P.2d 651]; *Security-First National Bank* v. *Superior Court*, 1 Cal.2d 749 [37 P.2d 69].)

The order of May 31, 1955, was not an order directing a compromise or an order based on a petition filed pursuant to section 588 of the Probate Code. In *Estate of Lucas*, 23 Cal.2d 454 [144 P.2d 340], relied upon by the appellants, the court affirmed an order made pursuant to a petition under section 588. The order of May 31, 1955, was based on Probate Code, sections 578 and 718.5. ■ Under these sections, the probate court has power only to approve or authorize a compromise. The language of both of these sections is permissive. These statutes neither enlarge nor abrogate the common law power of the administrator to enter into compromise agreements but only afford additional protection from liability. (*Estate of Lucas, supra*, 23 Cal.2d 454, 464 and 465.) As stated in *McPike* v. *Superior Court*, 220 Cal. 254 at 258, 259 [30 P.2d 17]:

"It is equally well settled that while the superior court, sitting in probate, . . . has no other powers than those given by statute and such incidental powers as pertain to it and enable the court to exercise the jurisdiction conferred upon it, and can only determine those questions or matters arising in the estate which it is authorized to do. Thus, in the exercise of the powers conferred upon it, its jurisdiction is limited . . . and statutory."

"It is thus apparent that in the several instances enumerated where the legislature intended to give the court jurisdiction to compel action by the administrator in his dealings with strangers to the estate it used definite and appropriate language to expressly grant such power. In the case of compromises, however, no such language was used. The court is not given power to 'direct' the making of compromises but only to 'authorize' them. It is not provided that compromises 'shall' or 'must' be made by the administrator when authorized by the court, but that they 'may' be made. The internal evidence of the Probate Code indicates strongly that it was not the intention of the legislature to confer upon courts sitting in probate the power or jurisdiction to compel action by the administrator in the case of compromises."

█ In their brief, appellants concede the above point as elementary. The record of the hearing of June 3, 1955, clearly indicates that both sides understood the nature of the order of May 31, 1955. Appellants now maintain that the order created vested rights in their favor. It is clear, that an order merely authorizing a compromise, even though final, cannot create vested rights. Rather, it would appear that no rights are created until the compromise agreement is executed. For the various reasons set forth in the petition for instructions, the compromise was never completed.

█ While there is no question as to the right of the appellant Gertrude Hoffman, a creditor of the estate of Edward Coffey to appeal, the respondent urges that the appeal of the other parties be dismissed as they are not creditors of either estate and are not persons entitled to share in either estate.

█ The general rule is that the superior court while sitting in probate is without power to decide a disputed claim between an estate and a stranger thereto. See *Central Bank v. Superior Court*, 45 Cal.2d 10 [285 P.2d 906], and cases cited therein.

█ In *Schecter v. Superior Court*, 49 Cal.2d 3 at 9-10 [314 P.2d 10], the Supreme Court said: "In the Central Bank case the court set forth the two instances in which the essential

'privity' with the estate existed such as would confer jurisdiction on the court sitting in probate to determine the controversy. Privity was held to arise in the first instance 'out of the nature of the relationship existing between the parties to the controversy.' The relationship was confined to that occupied by executors and administrators and 'those purporting to assert a personal right derived through the executor's or administrator's official capacity' including the claims of attorneys of representatives of estates into whose hands property of the estate had come, citing *Estate of Troy*, 92 Cal.App. 352 [268 P. 426], and *Estate of DeBarry*, 43 Cal.App.2d 715 [111 P.2d 728]. It was held that privity could also be predicated upon claims to property 'acquired by the claimant in the course of probate proceedings,' again citing the Troy and DeBerry cases.''    ▆    It does not appear that the appellants, other than Gertrude Hoffman, meet either of these tests.

In view of the foregoing the order must be affirmed as to appellant Gertrude Hoffman, and the appeal dismissed as to all other appellants.

Order affirmed as to appellant Gertrude Hoffman.

Appeal dismissed as to other appellants.

Dooling, J., and Draper, J., concurred.

Petitions for a rehearing were denied July 11, 1958, and appellants' petitions for a hearing by the Supreme Court were denied August 6, 1958.