[Civ. No. 68904. Second Dist., Div. Seven. Mar. 28, 1984.]

GORDON W. TREHARNE, as Public Administrator, etc.,
Plaintiff and Appellant, v.
ROBERT A. LOFTIN, Defendant and Respondent.

COUNSEL

Gregory B. Gershuni for Plaintiff and Appellant.

Alexander E. Macksoud for Defendant and Respondent.

OPINION

**SCHAUER, P. J.**—On this appeal we are called upon to determine the validity of an administrator's settlement of claims by and against an estate without first obtaining court approval as required by section 718.5 of the Probate Code.[1] We will affirm the judgment on the grounds that the administrator's failure to obtain such approval does not empower the estate to repudiate the administrator's settlement with a third party.

FACTS AND PROCEEDINGS BELOW

In 1975 respondent Loftin and Lauradean Collins acquired title to real property (property) as joint tenants. On August 16, 1977, the parties listed the property for sale. The following day the parties agreed that, instead of selling the property on the open market, respondent would purchase Lauradean Collins' interest in the property. Respondent executed a deposit receipt and agreement of sale and delivered a deposit of $1,000 to the listing broker, and escrow was opened at Enterprise Escrow Co. (Enterprise). Respondent's deposit was delivered to Enterprise, and the parties also executed and placed in escrow a grant deed conveying the property from Lauradean Collins to respondent. Prior to the close of escrow, on September 9, 1977, Lauradean Collins died. On November 9, 1977, respondent wrote to Enterprise, terminating the escrow and demanding return of all funds and documents deposited therein.

On November 8, 1977, Delores Collins, Lauradean Collins' mother, was appointed administratrix of Lauradean's estate. On May 31, 1978, Delores

---

[1]Unless otherwise specified, all statutory citations are to the Probate Code.

Collins, as administratrix, filed the original complaint in this action, seeking specific performance of the real estate purchase agreement or, in the alternative, damages for breach of contract or partition or sale of the property and division of the proceeds thereof. Respondent's answer denied the allegations in the complaint and raised affirmative defenses.

While the foregoing action was pending, respondent met with Delores Collins and her attorney, at the latter's request, and held negotiations concerning the subject matter of the lawsuit as well as claims asserted by respondent against the estate, including one to proceeds from an insurance policy on decedent's life, and another for the amount of a "home improvement loan" from the Bank of America collateralized by the property, allegedly taken out for decedent's personal purposes (loan).[2]

In November and December of 1979, without obtaining the approval of the probate court as provided for by section 718.5, Delores Collins, as administratrix of the decedent's estate, settled the estate's claims against respondent by executing a quitclaim deed to the property and an escrow release, releasing respondent from all obligations pursuant to the real estate transaction, and releasing to respondent the $1,000 deposit held in escrow. In return, on December 7, 1979 respondent executed a document entitled assumption of monetary judgment, in which he agreed to assume the outstanding balance of the loan, and to release the estate from all responsibility thereunder.

Respondent recorded the quitclaim deed to the property and unsuccessfully sought dismissal of this lawsuit.[3] On January 13, 1981, Delores Collins resigned as administratrix, and on March 13, 1981, the Public Administrator of the County of Los Angeles (appellant) was appointed successor to Delores Collins and was issued letters of administration. Thereafter, appellant filed a first amended and supplemental complaint, which included several new causes of action against respondent based on the allegation that Delores Collins' settlement with respondent and the documents executed thereunder by her were "illegal, void, and unenforceable" inasmuch as settlement was made without approval of the probate court as required by section 718.5.

The trial court ruled that the settlement between Delores Collins and respondent was intended by the parties to be a complete settlement of their

---

[2]The outstanding balance of the loan was in default and was listed as a judgment against the estate.

[3]In response to a letter from respondent's attorney dated January 3, 1980, requesting dismissal of the lawsuit, Delores Collins' attorney of record wrote that he had been terminated by Delores Collins but had not yet been officially substituted out, and hence could not be of assistance in obtaining a dismissal.

conflicting claims, and entered a judgment for respondent "on all causes of action." This appeal followed.

## DISCUSSION

Section 718.5 provides, in pertinent part: ". . . [T]he executor or administrator, *with the approval of the court,* may compromise, compound, or settle any claim or demand by or against the estate or any suit brought by or against the executor or administrator . . . . After the completion of the approved compromise, the executor or administrator shall incur no liability to anyone as a result of the approved compromise, composition, or settlement." [Italics added.] Appellant contends that the trial court erred in ruling that despite the foregoing provision, "[a]n administrator can compromise claims equitable and just in their terms and supported by adequate consideration" without obtaining court approval.

Although, as will appear, support may be found for appellant's contention in the language of several cases involving section 718.5, we conclude that the estate cannot repudiate a compromise or settlement made by its representative without court approval but in good faith under facts indicating due regard for the interests of the estate.

At common law executors and administrators, as legal owners of the assets of the estate, had the power and responsibility to settle or compromise disputed claims for or against the estate, without probate court approval. Nevertheless, the representative's actions exposed him to personal liability, as his judgment was subject to review and approval by the probate court at the time of his final accounting. (*Moulton* v. *Holmes* (1881) 57 Cal. 337, 342-343.) In order to avoid such personal liability the representative had to show that he acted in good faith and in the best interests of the estate, and "the settlement or compromise could be set aside only upon proof of bad faith or fraud. . . . [Citations.]" (*Estate of Lucas* (1943) 23 Cal.2d 454, 463-464 [144 P.2d 340]; see also *Moulton* v. *Holmes, supra,* at pp. 342-343; 24 Cal.Jur.3d, Decedents Estates, § 517, p. 838; Annot. (1960) 72 A.L.R.2d 198-199.)

Section 718.5, enacted in 1933, makes specific provision for prior court approval of a settlement or compromise of disputed claims.[4] It has been generally held that the purpose of the Legislature in enacting section 718.5 was not to limit the scope of the common law authority of executors and administrators but rather to afford them additional protection from lia-

---

[4]To obtain approval under section 718.5 the representative must file a petition with the clerk of the court, showing the advantage of the compromise; the clerk thereupon sets the petition for hearing and gives notice as required by Probate Code section 1200.5.

bility. (*Estate of Lucas, supra,* 23 Cal.2d at pp. 464-465; *Moulton* v. *Holmes, supra,* 57 Cal. at p. 343 (discussing former Code Civ. Proc., § 1588, now Prob. Code, § 578; see fn. 5, *infra*); *Estate of Wilson* (1953) 116 Cal.App.2d 523, 530-531 [253 P.2d 1011] ("At common law the executor or administrator had very extensive authority to compromise and settle claims and disputes. A statute such as section 718.5 of our Probate Code does not abrogate or reduce the scope of his common law authority. It merely affords him additional protection from liability. [Citation.]"; *Estate of Coffey* (1958) 161 Cal.App.2d 259, 264 [326 P.2d 511]; *Byrne* v. *Harvey* (1962) 211 Cal.App.2d 92, 106 [27 Cal.Rptr. 110].)

It has been uniformly held that the court cannot *compel* the representative to compromise. (*McPike* v. *Superior Court* (1934) 220 Cal. 254, 257-258 [30 P.2d 17]; *Estate of Boyd* (1963) 212 Cal.App.2d 634, 637-638 [28 Cal.Rptr. 258];[5] *Estate of Coffey, supra,* 161 Cal.App.2d at p. 265; *Estate of Majtan* (1965) 237 Cal.App.2d 7, 19-20 [46 Cal.Rptr. 561]; *Estate of Black* (1976) 65 Cal.App.3d 112, 118-119 [135 Cal.Rptr. 115] ("[S]ection 718.5 merely permits the court to authorize a compromise. The court is without the power to compel the administrator to make . . . a compromise [citation] or to perform an approved compromise made with a stranger to the estate . . . . [Citations.]").) However, if the representative acted in good faith and in the best interests of the estate, the court may not withhold its approval. (*Taylor* v. *Sanson* (1914) 24 Cal.App. 515, 518 [141 P. 1060]; see also 24 Cal.Jur.3d, *supra,* at p. 841.)

With the following authorities as guidance, we proceed to determine the validity of a compromise carried out by an administrator without obtaining court approval as provided by section 718.5.

The earliest California decision providing guidance, *Moulton* v. *Holmes, supra,* 57 Cal. 337, is also the case dealing most squarely with the matter at issue. In *Moulton* the executors' attorney made a settlement with a third party and executed a release on behalf of the estate, without probate court approval as provided by statute,[6] but with the executors' consent and authorization. The Supreme Court concluded that the transaction, being "fair and honest . . ., made by the authority of the executors, and in the interest of the estate, . . . was unimpeachable. Executors and administrators have the legal right to compound and discharge debts due to their testator or intestate.

---

[5]*McPike* and *Boyd* dealt with section 578, which permits the administrator with court approval to compromise or compound a debt owing to the estate, and which contains permissive language similar in most respects to that of section 718.5.

[6]As mentioned earlier, *Moulton* dealt with Code Civil Procedure section 1588, the predecessor statute to section 578, and which is similar to section 718.5 in all aspects relevant to this matter.

(3 P. Wms. 381; 10 Smedes & M. 404; *Chadbourn* v. *Chadbourn,* 9 Allen, 173.)" (*Id.,* at pp. 342-343.) The court further stated: "Executors and administrators have . . . never been required to obtain preliminary authority for [the] purpose [of settlement of disputed claims] from the Probate Court, although the judgment had to be ultimately approved by the Court when they came to render an account of their trust.

"Section 1588 of the Code of Civil Procedure, which provides that, 'whenever a debtor of a decedent is unable to pay all his debts, the executor or administrator, with the approbation of the Probate Court or judge, may compound with him, and give him a discharge upon receiving a fair and just dividend of his effects; a compromise may also be authorized when it appears to be just and for the best interests of the estate'—is intended for the protection of executors and administrators, and is not restrictive of their common-law powers. 'It is not to be doubted,' says the Supreme Court of New Hampshire, in construing a similar statute, 'that before the passage of the statute an administrator might lawfully compound with a debtor, and receive less than the amount of the debt, if he could show that what he had done was beneficial to the estate. But he acted in some peril in the matter; for if an objection was taken, the burden of proof lay upon him to show that he had acted judiciously, and that the estate had not been prejudiced by the compromise. To obviate this difficulty, and perhaps also to remove doubts upon the subject, the statute has provided a mode in which the administrator, by obtaining a previous authority from the judge, may compromise with a debtor with perfect safety, and without being subjected to expense in sustaining his acts. But the right to compromise, which existed prior to the passage of the statute, is not taken away. It may still be exercised as before, subject to the same limitations and risks.' (*Wyman's Appeal,* 13 N.H. 18.)" (*Id.,* at pp. 343-344.)

Although the foregoing decision would seem to dispose of the issue at bench, some doubt is cast by inconsistent and often conflicting language found in more recent cases arising under section 718.5, but involving disputes factually different from those at bench.

In *See* v. *Joughin* (1937) 18 Cal.App.2d 414 [64 P.2d 149], the complaint alleged that the executrix made an oral agreement to compromise a claim of the estate against the plaintiff, but later refused to carry out the agreement. The court affirmed a judgment sustaining a demurrer to the complaint, without leave to amend, stating at page 418: "The executrix had no power to compromise or waive a claim in favor of the estate without an order of court. An executrix is a mere trustee in charge of the property of the estate and may act only pursuant to law."

*Estate of Lucas, supra,* 23 Cal.2d 454, contains seemingly internally inconsistent language. There the estate's representative petitioned the probate court for instructions, pursuant to sections 588[7] and 718.5, as to whether to accept an offer to compromise a claim against the estate. The court, following a hearing, issued an order instructing the representative to make the compromise. At the time of the representative's final settlement of accounts, a creditor of the estate challenged the compromise on grounds that the claim at issue was barred by the applicable statute of limitations; that under section 718.5 the court could only approve claims that were valid and legally enforceable; and that therefore the court had no jurisdiction to approve the compromise. The Supreme Court disagreed, holding that "[t]he only prerequisite necessary for the securing of the order of approval, is the requirement that there be some showing by the [representative] of the advantage to the estate resulting from the compromise." (*Id.* at p. 465.) The court also stated, at pages 464-465: "In some states, including California, statutes have been enacted which restrict [the] common-law power [to compromise claims] by subjecting the representative's action to court approval. (Prob. Code, secs. 578, 718.5; see note 85 A.L.R. 199, 202; 21 Am.Jur., Executors and Administrators, sec. 301, pp. 552, 553.) It is generally held, however, that such statutes neither enlarge nor abrogate the common-law power of the executors and administrators to enter into a compromise or settlement, but merely afford them additional protection from liability. (21 Am.Jur., Executors and Administrators, sec. 301, n. 4, p. 553; and see note 85 A.L.R. 199, 202; *Moulton* v. *Holmes,* 57 Cal. 337, 343, 344; *Taylor* v. *Sanson,* 24 Cal.App. 515, 517, 518 [141 P. 1060]; 11B Cal.Jur., Executor and Administrators, sec. 876.) Nothing in the language of section 718.5, *supra,* is restrictive of the type of claim or suit which a representative may 'compromise, compound, or settle.' "

Although the above is entirely consistent with our view as to the proper rule, the court's opinion also contains the following language, in dictum: "The [representative], being in doubt as to the advisability of entering into the proposed compromise with the executor of the Reid estate, sought the assistance of the court in determining the question, *since, in any event, no compromise could be effected under section 718.5, supra, without the court's approval."* (*Id.,* at pp. 462-463, italics added.)

*Byrne* v. *Harvey, supra,* 211 Cal.App.2d 92, was an action by estate claimants against the administrator, in his individual capacity, for his refusal

---

[7]Section 588 then provided that "[i]n all cases where no other or no different procedure is provided by statute, the court on petition of the executor or administrator may from time to time instruct and direct him as to the administration of the estate and the disposition, management, operation, care, protection or preservation of the estate or any property thereof."

to perform a compromise made expressly conditional on court approval, which was first obtained but later vacated. The plaintiffs contended that the court erred in sustaining the administrator's demurrer, without leave to amend, contending that where an administrator makes an agreement without court consent it binds him personally, although it is not binding on the estate. The Court of Appeal affirmed, holding that although contracts made by an administrator by virtue of his general powers (rather than under the authority of statute) subject him to personal liability, here "[h]e was attempting to exercise his power to enter into a compromise only subject to and with the prior approval of court so that he would have, through the operation of the above statutes, additional protection from liability. (Citations.)" (*Id.*, at p. 106.)

The foregoing authorities lead us to the following conclusions with respect to the issue at bench: Delores Collins acted outside her statutory authority in compromising the estate's claim against respondent. She purported to act under her general powers, without court approval, and hence waived the absolute protection from liability provided by section 718.5. Accordingly, the estate could state a cause of action for damages against Delores Collins in her individual capacity on the charge that the compromise was improvident and damaged the estate.

Nevertheless, despite the court's language in *See* v. *Joughin, supra,* 18 Cal.App.2d at page 418, that a representative has "no power to compromise" a claim without probate court approval, and the dictum in *Estate of Lucas, supra,* 23 Cal.2d at pages 462-463 that "no compromise could be effected under 718.5" without court approval, we hold that appellant is bound by the compromise made by the estate's former administrator with a third party, and may not repudiate that compromise in an action against such third party. In the case at bench the trial court found that Delores Collins and respondent made a complete settlement of disputed claims, that Delores Collins had business acumen equal to the task, and that the compromise was equitable and just. On these facts, appellant is estopped from repudiating the agreement.[8]

In view of our conclusion that the trial court properly found that the compromise was made fairly in good faith and is enforceable by respondent,

---

[8]Cf. *Katz* v. *A. J. Ruhlman & Co.* (1945) 69 Cal.App.2d 541 [159 P.2d 426], involving fraudulent or mistaken advice by an administrator to a creditor that he need not file a claim. The court held that the estate was estopped from repudiating the administrator's act, noting however that it had found no case law directly in point.

it is unnecessary for us to discuss appellant's remaining contention that respondent and decedent severed their joint tenancy.[9]

Although respondent seeks sanctions, asserting that the instant appeal is wholly without merit, frivolous and only for delay, we do not agree. ▪ An unsuccessful appeal does not necessarily call for imposition of sanctions: "the punishment should be used most sparingly to deter only the most egregious conduct." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, at p. 651 [183 Cal.Rptr. 508, 646 P.2d 179].)

### DISPOSITION

The judgment is affirmed. Sanctions are denied.

Thompson, J., and Johnson, J., concurred.

A petition for a rehearing was denied April 18, 1984, and appellant's petition for a hearing by the Supreme Court was denied May 30, 1984.

---

[9]Such a severance, appellant argues, would result in the estate's having acquired an undivided one-half interest as a tenant in common with respondent. The enforceable compromise, however, moots the severance issue since, through the compromise, respondent has acquired the entire interest in the property.